# Commonwealth v. Brewer.

### APPEAL FROM LEWIS CIRCUIT COURT.

INDICTMENT DISMISSED AND COMMONWEALTH APPEALS. AFFIRMED.

INDICTMENT—FAILURE TO ENDORSE NAMES OF WITNESSES—FORGERY—MAKING FALSE COPY.

Held:  1. An objection to an indictment upon the ground that no names of witnesses were placed at the foot of the indictment must be made by motion to quash, and not by demurrer.
2. An indictment does not lie for the forgery of an instrument the existence of which is averred to be uncertain.
3. One who adds to a purported copy made by him signatures which were not appended to the original is not guilty of forgery.

CLIFTON J. PRATT, ATTORNEY GENERAL, FOR COMMONWEALTH.

The court below sustained a demurrer to the indictment and we ask a reversal for the following reasons:

1. The proper way to set aside an indictment is by motion, and not by demurrer. On motion to quash, because the witnesses' names were not at the foot of or on the indictment, the court could hear proof. The witnesses may have been before the grand jury and their names omitted by mistake.

2. The allegations in the indictment show that the paper named and purporting to be a copy of the contract was forged. Counsel for appellant contends that if there was no original there could be no copy, and hence there could be no forgery.

The forgery is in the execution of *this* paper whether you call it the original or a copy. The essential elements of forgery

are: (1) The false making of some instrument of writing. (2) A fraudulent intent. (3) The instrument must be apparently capable of effecting a fraud.

At common law to constitute forgery the instrument need not be such as, if genuine, would be legally valid. If it was intended to *deceive* and was intended to be used for a fraudulent purpose it was valid.

### AUTHORITIES CITED.

A. & E. Ency. of Law, vol. 8, page 478; Com. v. Glass, 21 R., 820; Com. v. Ritchett, 11 Bush, 279; Com. v. Smith, 10 Bush, 476.

.A. E. COLE & SON, ATTORNEYS FOR APPELLEE.

We submit that this case should be affirmed for the following reasons:

1. Nowhere on the indictment does it appear that the name of any witness has been endorsed as required by section 120, criminal code.

2. There is no allegation in the indictment that the contract, a copy of which is charged as having been forged, was genuine and a real contract; on the contrary the indictment expressly states that it is unknown to the grand jury whether there was or is an original written agreement or contract or if the aforesaid copy of the purported contract is a copy of the original unknown contract.

There is no pretense that the instrument of writing itself is the act of another, but the copy is charged to be the act of the accused Even if the aforesaid copy of the purported contract were indeed a copy of the original unknown contract still it is not charged that the same is a forgery.

### AUTHORITIES CITED.

Criminal Code, sections 120 and 122; 21 R., 819; 53 S. W., 18; vol. 13, A. & E. Ency. (2d ed.) page 1082; Barnum v. State, 15 Ohio, 717; 45 Am. Dec., 212.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

A demurrer was sustained by the circuit court to an indictment charging appellee with the crime of forgery, in that he "did unlawfully, willfully, and feloniously sign and forge . . . the names of Robert Brewer, chairman, W. H. Crawford, trustee, and Wm. Thompson, trustee, to an

instrument of writing purpórting to be a copy of an original contract between teacher and trustees of common school, which contract is in words and figures as follows: 'Copy of original Contract. Contract between Teacher and Trustee. This article of agreement, entered into the 3rd day of July, 1899, witnesseth,' " etc. Then follows the remainder of the contract, with copies of signatures of the three parties named, and of the appellee as teacher. The indictment further states that it was unknown to the grand jury whether there was or is an original written agreement, of which the copy set out purported to be a copy, or whether such original was lost or destroyed, or in the possession of the accused, but charges that, if the "copy of said purported contract is a copy of the original unknown contract, that the same is a forgery, and the names of Robert Brewer, chairman," etc., "were signed and caused to be signed to and on said original contract by said Grant Brewer without the knowledge and against the will and consent of said Robert Brewer," etc., "or either of them, and all of which was so done with the felonious intent at the time to defraud said named parties, and other unknown parties to this grand jury," etc.

One of the objections to the sufficiency of this indictment is that no names of witnesses were placed at the foot of the indictment. The proper procedure to raise such an objection seems to be by motion to quash, and not by demurrer. Com. v. Glass, 107 Ky., 160 (21 R., 820) (56 S. W., 18); Com. v. Smith, 10 Bush, 476. The indictment charges forgery of the signatures to the copy. It states also, that, if there was an original contract, the signatures to that were forged. Obviously the Commonwealth could not maintain an indictment for the forgery of an instrument, the existence of which at any time is averred to be uncertain. So whatever of crime is charged in this indictment

must consist in the false copying into the purported copy of signatures which were not appended to the original, if there was an original. This might be an ingredient in a cheat of one kind or another, but is not forgery, either at common law or under our statute. At common law "the false writing must be such as, if true, would be of some real or seeming efficacy, since otherwise it has no tendency to defraud; in other words, it must either be in fact, or must appear to be, of legal validity, but it need not have both the appearance and the reality." 2 Bish. New Cr. Law, section 533. Our statute (Kentucky Statute, sections 1185 to 1189, inclusive) does not seem to materially change the common law. The copy not only has not the appearance of legal efficacy, but, if genuine, would have no actual legal efficacy. On its face, it is a copy. The indictment charges that it is a false copy. If genuine, it would not be evidence, nor is it evidence as it stands. It is as if the accused had told a lie in a letter—very reprehensible, no doubt, but not forgery. It is not denied that a man can commit forgery of an instrument executed by himself. 2 Bish. New Cr. Law, section 585, subsection 3. In Com. v. Wilson, 89 Ky., 157 (11 R., 375) (12 S. W., 264, 25 Am. St. Rep., 528), it was held that forgery might be committed by a county surveyor of a survey, plat and certificate purporting to be made by himself, when in fact the survey was never made, and the persons whose names were placed by him at the bottom of the pretended plat and certificate as chainmen did not so act: "For," said Judge Lewis, "the writing, as charged, was made with intent to defraud, was calculated to induce another to give credit to it as genuine, and if it had been so, would have entitled Engle to a patent, and was made in the name of the accused, in his official capacity, which was to a reasonable intent, and

of the same effect, as if he had made it in the name of another surveyor." The same reasoning was applied in Moore v. Com., 92 Ky., 630 (13 R., 738) (18 S. W., 833) to a case where one authorized to sign the clerk's name to witness certificates made a false certificate. The cases cited, however, do not touch the case here, which is, in substance, nothing but a false statement in writing that there was a contract signed by certain named persons.

The judgment is affirmed.