## WILLIAM MOSIER v. N. C. MOMSEN.

(Filed September 9, 1903.)

1. STATUTES—Construed. While the Statutes, Session Laws 1897, Chapter 8, Section 42, Wilson's Annotated Statutes 1903, Section 919, provide a form, that may be used for a quit claim deed to real estate, it is only directory, and it is not necessary to use the exact words or language of the statute, for if words of like import are used, and the statute is substantially complied with, that is sufficient.

2. ACKNOWLEDGMENT—Certificate Valid, When. The fact that the certificate of the officer taking the acknowledgment is dated earlier than the deed, where it is clearly shown by a reference to the deed that such date is erroneous, would not alone invalidate the certificate, and it is not error to admit the deed in evidence, although the certificate of acknowledgment bears date prior to the acknowledgment of the execution of the deed, if from the instrument it appears that it was actually made at the time of its acknowledgment, and that the conflict in dates arises from a mere clerical error.

3. SAME—Compliance With Statute. A substantial and not a literal compliance with the statute in the certificate of acknowledgment of a deed for real estate is all that the law requires.

4. QUIT CLAIM DEED—Paramount, When. Where the title of a party to real estate is evidenced by quit claim deed, and the adverse claimant claims under a sheriff's deed upon a judgment and execution against a debtor, who it is not shown ever had title, either in law or equity, the title conveyed by quit claim deed will be held to be paramount.

5. ACTION TO QUIET TITLE—Estoppel. Where a defendant in an action to quiet title, filed an answer setting up paramount title in himself, and trial was had, and the question of title fully gone into, submitted to the court, and judgment obtained upon the issue of title alone upon the evidence submitted adversely, and found to be wholly without merit, he is estopped from afterwards denying the right of the plaintiff to maintain the action, for the reason that plaintiff was not in possession of the real estate in question.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before C. F. Irwin, Trial Judge.*

*C. L. Botsford* and *B. F. Williams, Jr.,* for plaintiff in error.

No appearance for defendant in error.

### STATEMENT OF FACTS.

An action by defendant in error as plaintiff, against the plaintiff in error as defendant, in the district court of Cleveland county, to quiet title. Trial, finding and judgment for defendant in error; plaintiff brings case here by petition in error for review.

Opinion of the court by

BEAUCHAMP, J.: The real estate in controversy is described in the pleadings as the south part of the northwest quarter of section 35, township 10, north range 2, west, containing 60 acres, and further described by metes and bounds, and was originally owned by Ellen F. Smithers. On the 2nd day of March, 1899, said Ellen F. Smithers conveyed the same by quit claim deed, in consideration of the sum of $600, to R. J. Weeks, and on the same day R. J. Weeks conveyed the same by quit claim deed to F. W. Weeks, in consideration of the sum of $550. On the 4th day of March, 1899, F. W. Weeks and wife conveyed the same to N. C. Momsen, defendant in error herein, in consideration of the sum of $600, the considerations mentioned being as expressed in the deeds. The plaintiff in error claims that some time prior to the 2nd day of March, 1899, the said Ellen F. Smithers and her husband executed and delivered to L. F. Weeks a warranty deed to the said premises, and that the same was delivered into the possession of R. J. Weeks, the

husband of Laura F. Weeks, and was not placed on the land records of Cleveland county, but remained in the possession of the said R. J. Weeks, as the agent of the said Laura F. Weeks; that after the execution of the said deed from Smithers to Laura F. Weeks, Laura F. Weeks and her husband separated, and on the 4th day of January, 1899, entered into a written agreement, in which agreement it is expressly stated that said Laura F. Weeks had at that time a deed to the said 60 acres in controversy; afterwards said Laura F. Weeks commenced a suit for divorce, in which she claimed the ownership to the said land; that she was entitled to the possession of the said deed, and afterwards on the 1st day of March, served upon R. J. Weeks notice and demand in writing to deliver to her the said deed of conveyance, which said R. J. Weeks failed and refused to do; that on the 23rd day of April, 1900, defendant below, Mosier, purchased said land for the sum of $267, at sheriff's sale, made under an order of sale issued on judgment against Laura F. Weeks, in favor of Botsford and Williams, which sale was by the court confirmed on May 15th; and on July 9 the sheriff executed and delivered to him a deed conveying all the right, title and interest of the said Laura F. Weeks in and to said premises. The deed mentioned from Ellen F. Smithers and husband to R. J. Weeks was duly recorded on the date that the same was executed; the deed from R. J. Weeks to F. W. Weeks was filed for record and recorded on the 9th day of March, 1899; the deed from F. W. Weeks and wife to N. C. Momsen was filed for record and recorded on March 9, 1899. Neither the purported deed from Ellen F. Smithers to Laura F. Weeks, nor the sheriff's deed mentioned, were ever placed of record. At the trial below, it was agreed that both par-

ties claim title through Laura F. Weeks. The defendant in error introduced in evidence the deeds above mentioned, and rested his case. The plaintiff in error introduced in evidence the sheriff's deed above mentioned, the contract of settlement between Laura F. Weeks and her husband, and the pleadings in the divorce proceedings, and called to the stand a witness, B. F. Williams, Jr., who testified that he was attorney for the defendant in an action to foreclose a lien wherein R. J. Weeks and Laura F. Weeks were plaintiffs, and Ellen F. Smithers was defendant, and that there was a warranty deed made by Ellen F. Smithers and husband to Laura F. Weeks, and that the same was delivered into the possession of R. J. Weeks, and that he had no knowledge of what finally became of the deed, and that R. J. Weeks subsequently told him that he had the deed in his possession.

The plaintiff in error contends, first, that the quit claim deeds introduced in evidence as the foundation of plaintiff Momsen's title, do not in any essential particular comply with the statutes of Oklahoma on conveyances, and therefore are null and void, and convey no title to R. J. Weeks, F. W. Weeks or the plaintiff Momsen. The laws of 1897, section 42, page 101, and section 17, page 95 read as follows:

"Section 42. A quit claim deed of real estate may be substantially the same as a warranty deed with the word 'quit claim' inserted in connection with the words 'do hereby grant, bargain, sell and convey' as follows; 'do hereby quit claim, grant, bargain, sell and convey,' and by omitting the words 'and warrant the title to the same.' "

"Section 17. A quit claim deed, made in substantial compliance with the provisions of this act, shall convey all the right, title and interest of the maker thereof in and to the premises therein described."

And the plaintiff in error further contends that the words remise, release and forever quit claim were never proper words of grant or conveyance in Oklahoma Territory, and to make a conveyance legal and sufficient under our statutes the words "quit claim, grant, bargain, sell and convey," or words of like import, should be employed. The deed from Ellen F. Smithers and husband to R. J. Weeks recites that in consideration of the sum of $600 to them truly in hand paid, the receipt whereof is hereby acknowledged, the said parties of the first part have remised, released and quit claimed and by these presents do, for themselves, their heirs, executors, administrators and assigns, remise, release and forever quit claim unto the said party of the second part, his heirs and assigns, forever, all their right, title, estate, claim and demand, both at law and in equity, of, in and to all the property herein described, (then follows the description of the real estate above given) together with all and singular the hereditaments and appurtenances thereunto belonging, to have and to hold the said premises unto the said R. J. Weeks, his heirs and assigns, so that neither they, Ellen F. Smithers and Aleck Smithers or any person in their name and behalf, shall or will hereafter claim or demand any right or title to the said premises or any part thereof; but they and every one of them shall by these presents be excluded and forever barred. While the statute above quoted, section 42, provides a form that may be used for such conveyances, it is only directory, and it is not necessary to use the exact words or language of the statute, for if words of like import are used, and if the statute is substantially complied with, that is sufficient.

It is clear from the recitals of the deed in this case, that the grantors therein intended to convey all of the right, title

and interest in and to the land described, for such is the language of the deed as will be observed; that said parties forever quit claimed unto the party of the second part and unto his heirs and assigns forever, all of their right, title, estate, claim and demand, both at law and in equity, of, in and to all of the real estate described. This is undoubtedly a substantial compliance with the statute, and under our statute section 17 above quoted, and in this country, such a conveyance is as good to divest or transfer a complete title as any other form of conveyance. There is no difference in their operative force between a conveyance in the form of release and quit claim, and one in the form of a grant, bargain or sale. If the grantor in either case at the time of the execution of the deed, possesses any claim, title to, or interest in the property, it passes to the grantee. The deed from R. J. Weeks to F. W. Weeks is in the same form as the deed from Smithers to R. J. Weeks. The deed from F. W. Weeks to Momsen so far as the recitals of the deed are concerned, is not open even to the objections made by the plaintiff in error, for it is recited therein the grantors "do hereby grant, bargain, sell, remise, release, quit claim and convey" the land described. The quit claim deeds mentioned in this case are in substantial compliance with the statutes cited; therefore all that are necessary.

The plaintiff in error further contends that the certificate of acknowledgment of the execution of the deed from F. W. Weeks and wife to Momsen does not comply with the statutes of this territory, laws of 1897, page 38, chapter 99, and therefore was void, as insufficient to admit the deed to record, or in evidence, for the reason, first, that the same does not give the date, and the date that probably was attempted

is an impossible one, because it is a day sooner than that upon which the instrument was executed. The deed bears date March 4, 1899. The certificate of the notary reads as follows:

"STATE OF MINNESOTA, COUNTY OF MARTIN.

"On this 3rd day of March, A. D. 189—, before me a notary public within and for said county personally appeared F. W. Weeks and Louisa Weeks, his wife, to me known to be the persons described in and who executed the foregoing and within instrument, and acknowledged the same as their free act and deed.

D. D. BONN,<br>Notary Public, Martin County."

"My commission expires April 1, 1905."

D. D. B.

The deed was filed for record and recorded April 9, 1899. The fact that the certificate was dated earlier than the deed, where it is clearly shown by a reference to the deed that such date is erroneous, would not alone invalidate the certificate, and it is not error to admit the deed in evidence, although the certificate of acknowledgment bears date prior to the acknowledgment of the deed, if from the instrument it appears that it was actually made at the time of its acknowledgment, and that the conflict in dates arises from a mere clerical error. (*Fisher v. Butcher,* 19 Ohio, 406.)

And for a further reason, the plaintiff in error contended, that "there is no statement by the official that the parties acknowledged that they executed the same as their free and voluntary act and deed, for the uses and purposes therein set forth; that the certificate should have contained the words 'and voluntary' between the words 'free' and 'act' and after the word 'deed' for the uses and purposes therein set forth.' " The rule is that a substantial and not a literal

compliance with the statute in the certificate of acknowledgment of a deed of real estate is all that the law requires, and that although words not in the statute are used in the place of others, or words in the statute are omitted, yet if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient. (*Garton et ux. v. Publishing Co.* 8 Okla. 631,) and cases there cited. The form of the certificate in this case was a substantial compliance with the statute; therefore the court committed no error in admitting the deed in evidence. The certificate recites that the parties acknowledge that they executed the same as their free act and deed. The words "and voluntary" and the words "for the uses and purposes therein set forth" would add nothing to the recitals of the certificate, for if the same was executed by them as their free act and deed, the execution carried with it all the recitals set forth in the deed; and if executed as their free act and deed, it of necessity was done voluntarily.

The plaintiff in error further contends that Momsen, taking by quit claim deed, was not a *bona fide* purchaser; that there was no averment in the petition or brief that he was; and even though conceding that the instrument introduced by the plaintiff below was a valid deed of conveyance in this territory, still defendant in error cannot recover under the facts of this case, for that the said Laura F. Weeks was the acknowledged owner of the land in question by warranty deed from the Smithers to her, and will be presumed to have been in possession under said deed at the time R. J. Weeks, her husband, with whom she was not living, fraudulently pro-

cured the deed in question; and of the existence of this warranty deed so unrecorded; said R. J. Weeks had knowledge and notice, and the plaintiff was not a *bona fide* purchaser, and will not be protected as such, because at best these deeds gave plaintiff only such interests in the land in question as the grantor Smithers had at the time, March 2, 1899, and at that time Ellen F. Smithers had no title or possession to the land. We cannot agree with counsel for plaintiff in error in this statement. · We have quoted the substance of all the evidence upon the question as to the warranty deed claimed to have been executed by Smithers to Laura F. Weeks. Conceding the most possible for the contention of plaintiff in error, all · that was proven or attempted to be proven by him in the trial was by the witness Williams, that the deed had been executed by Smithers to Laura F. Weeks, and was at one time in the possession of her husband. The nature of the deed, further than the conclusion of the witness that it was a warranty deed, is not attempted to be shown. The evidence nowhere discloses any consideration therefor, or any facts sufficient upon which the court could find that the title either legal or equitable was ever in Laura F. Weeks. The plaintiff in error at the time he purchased at sheriff's sale, or at any other time, never knew of any such deed, and the witness Williams seems to have been the only witness that ever knew anything about such a deed. He does not attempt to state the contents of the deed, or anything in connection therewith, except when asked "Who bought the land from the Smithers, and who paid off the mortgage?" He answered, "The deed was made by them to Mrs. Laura F. Weeks." This is the only question that was asked of the witness touching the consideration for the deed, and his answer to that question was clearly an evasion. In this case is was conceded that the

---

---

Smithers were the owners of the land, and the source from which each of the parties claim title. Conceding that the title of the defendants in error is only evidenced by the quit claim deed, and that he therefore cannot claim protection as a *bona fide* purchaser for a valuable consideration without notice against any paramount title, under the evidence in this case, there is no title whatever shown to be in the plaintiff in error. The sheriff's deed to him conveyed only such title as the defendant, Laura F. Weeks had, and there is no evidence which would justify the court in finding that Laura F. Weeks ever had any title either in law or in equity to the land in question.

Our attention is directed by counsel for plaintiff in error to numerous authorities, among which is *Oliver v. Piatt*, 3 How. 410, and *May v. LeClaire*, 11 Wall. 217, wherein it is held that a person who holds only by virtue of a quit claim deed from his immediate grantor, whether he is a purchaser or not, is not a *bona fide* purchaser. It is not now necessary for us to decide this question, for under our statute the quit claim deed to defendant in error conveyed to him all the right, title and interest of the Smithers in and to the premises there described. However, it will be found upon examination that the supreme court of the United States in a later case, *Moeller v. Sherwood*, 148 U. S. 21, held "that the receipt of a quit claim deed does not of itself prevent a party from becoming a *bona fide* holder; and the doctrine expressed in many cases that the grantee in such a deed cannot be treated as a *bona fide* purchaser, does not rest upon any sound principle."

The plaintiff in error further contends that the plaintiff not being in possession could not maintain this action.

The plaintiff in error answered setting up his title, trial was had, and the question of title fully gone into and submitted to the court upon the evidence and the judgment of the court obtained upon the issues as to the title alone. Plaintiff in error cannot now be heard to say since his claim has been shown to be wholly without merit, that the plaintiff below could not maintain this action, for the reason that he was not in possession, and after having set up his title and secured a trial and judgment of the court thereon, plaintiff in error is now estopped from saying the action cannot be maintained by the plaintiff. There being no sufficient error which would justify reversal, the judgment of the trial court is affirmed, with costs to the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., and Gillette, J., absent; all the other Justices concurring.