## Lawless v. Commonwealth.

(Decided February 6, 1925.)

### Appeal from Russell Circuit Court.

1. Forgery—State Superintendent's Certificate of Grades Made by Applicant for Teacher's Certificate May be Subject of Forgery.— Under Ky. Stats., sections 4391, 4410, 4411, certificate of grades earned by applicant for teacher's certificate at teacher's examination, furnished by state superintendent of instruction to county superintendent, and required to be kept by him, is paper which

may be the basis of a civil action, constitutes competent evidence, and may be subject of forgery.

2. Forgery—Evidence of Changes Made by Defendant in Forged Paper Other than those 'Directly Involved in Prosecution Held Admissible.—In prosecution of county superintendent of schools for forgery by alteration of state superintendent's certificate of grades earned by particular applicant for teacher's certificate, for purpose of injuring that applicant, evidence of other alterations made in same certificate for evident purpose of detracting attention from changes made in grades of the particular applicant held competent.

3. Forgery—Evidence of Prior Difficulty Between County Superintendent and Teachers Held Admissible on Issue of Intent.—In prosecution of county superintendent of schools for forgery in alteration of state superintendent's certificate of grades earned by applicant for teacher's certificate, evidence of difficulty between teachers, including particular applicant involved, and county superintendent held admissible on issue of intent.

4. Criminal Law—County Attorney's Exhibition to Jury of Forged Instrument which Constituted Competent Evidence Held Not Error.—In prosecution of county superintendent of schools for forgery in alteration of state superintendent's certificate of grades earned by applicant for teacher's certificate, such certificate being competent evidence, it was not error for county attorney during argument to exhibit it to jury for examination.

5. Criminal Law—Failure to Make Objectionable Instructions Ground for Motion for New Trial Precludes Review Thereof on Appeal.— Failure of appellant to complain of objectionable instructions, ground for motion for new trial, precludes review on appeal.

BERTRAM & BERTRAM, W. J. CHUMBLEY, L. C. WINFREY and C. F. MONTGOMERY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant was convicted of forgery. His punishment was fixed at two years' confinement in the penitentiary, and he is very much dissatisfied. The indictment charges in great detail that appellant forged a writing known as "The Grade Sheet," which was a report sent out by the state superintendent of public instruction, and was a record in appellant's office as superintendent of the Russell county schools, which grade sheet was changed and altered with the intent and purpose of injuring Lena Hale.

Lena Hale had taught school for nine years. In 1921 she became an applicant for a new certificate, and entered the regular May examination for that year, which was held on May 20th and 21st. The examination papers were forwarded to the state board of examiners, and shortly thereafter, it sent to appellant, as school superintendent of Russell county, this grade sheet. The part of that paper which is involved in this case is as follows:

"My dear Superintendent:

"In teachers' examinations held on May 20 and 21, applicants named below received grades indicated, which entitle them to a certificate.

Yours sincerely,

"GEO. COLVIN, <i>State Superintendent.</i>

Lena Hale, Esto, Russell county, Ky.

| | |
|---|---|
| Spelling | 92 |
| Reading | 72 |
| Writing | 88 |
| Arithmetic | 82 |
| Grammar | 76 |
| Composition | 84 |
| Geography | 85 |
| Physiology | 80 |
| Civics | 96 |
| History | 68 |
| Theory and Practice | 76 |
| Agriculture | 71 |
| | |
| General Average | 80.10" |

The charge is that appellant changed the figures in this grade sheet so that, after the change, it appeared that Lena Hale had only made a grade of 56 in grammar and 58 in history. By section 4501a-5 of the Kentucky Statutes, the law provides that no certificate shall be issued to an applicant who makes a grade of less than 60 in any subject.

Lena Hale had made an application for a school that year, and had been promised one near her home, known as the Bradley school. She saw appellant on June 18 of that year, and asked him if he had heard the result of the examination, and he told her she had failed. She asked him if she could get her grades, and, at his direction, she got a pencil and paper and wrote down the

grades which he read to her. He told her she had made a grade of 56 in grammar and 58 in history.

On July 4, Lena Hale received by mail from Frankfort a certificate, and from that certificate it appears that she received grades of 76 in grammar and 68 in history. In the meantime, the school authorities, believing that she had failed, employed some one else to teach the school that had been promised to her. She was unable, after receiving her certificate, to contract for another school, and as a result, she didn't get to teach that year.

Previous to this examination in May, 1921, the state board of examiners had always mailed the certificates to the county superintendent, and he in turn had mailed them to the teachers; but for some reason, the certificates that year were mailed direct to the teachers. When Lena Hale received her certificate, she communicated with the state board, and asked that some explanation be given her. She said that she could not understand why a certificate had been sent to her, as appellant had told her she had failed in the examination, and that the grades that he told her she made were less than 60 in two subjects. The state board sent some one to investigate the matter. This investigator got from appellant the grade sheet that had been sent him, and from an examination of that sheet, it was evident that the grades of Lena Hale had been changed. In the grade made by her in grammar a seven had been erased, and a five written in its place, and in the grade made by her in history, a six had been erased and a five written in place of it. Thus her grade in grammar was reduced from 76 to 56 and in history from 68 to 58. By carefully examining the paper the outlines of the figure seven were still discernible, and the same was true of the outlines of the figure six.

The matter was presented to the grand jury, and resulted in this indictment, trial and conviction. Appellant makes his most serious contention first. That contention is that the paper which he is charged with forging had no apparent legal efficacy, hence could not be the subject of a forgery. He insists that the paper in question is not in any sense a legal record or paper authorized to be issued by any officer of the Commonwealth, but is simply a copy of a record in the office of the state superintendent of public instruction at Frankfort; that this paper could not be the basis of a civil action, and that it was not competent evidence in this prosecution, in the

absence of evidence of the loss or destruction of the original record at Frankfort.

The statutes impose many duties upon a county superintendent, and among other things, he is required by section 4410 each year to prepare an official report, showing the names and addresses of teachers residing in his county, with grades of certificate of each. This grade sheet is a very important and necessary paper for the county superintendent to have and to keep, if he is to correctly report the grades of the certificates of teachers in his county.

By section 4411 of the statutes, the county superintendent must not only keep a record of business transacted by him, but he must keep all papers and documents connected with his office, and these must be subject to inspection and examination at all times by persons interested in questions pertaining to the common schools. This means that he must keep them correctly, just as they are received, without changes or alterations. This grade sheet is an important paper for the county board of education and other school authorities to have access to, as from it they can learn the grades of teachers in the various subjects, and thus be assisted in making selection of teachers.

Section 4391 of the statutes, dealing with the office of the state superintendent of public instruction, provides:

"Copies of records and papers in his office certified by him shall in all cases be evidence equally with the originals."

This grade sheet could have been made the basis of a civil action by Lena Hale to compel the issuance to her of a certificate, if they had arbitrarily refused to issue one to her. This paper, prepared, authenticated and sent out as it was, was certified by George Colvin, state superintendent, within the meaning of section 4391. Doubtlessly, appellant expected the certificates issued as a result of this examination would be sent to him just as previously, and it was perhaps his intention when the certificate of Lena Hale came, to destroy or conceal it, for if he would falsely report to her that she had failed in the examination when he knew from official documents then in his possession that she had not failed, then it would not be beyond him to conceal the certificate when it came. If this was his plan, it was thwarted by the officials changing the custom and mailing the certificates to

the teachers direct.    The jury believed that appellant had changed the figures in this grade sheet, and if he did, then he committed a forgery.  He could have had but one intent in changing it, and that was to injure Lena Hale by preventing her from getting a school.  If that was his purpose, he achieved it in that regard.  As the paper altered was a paper whereon Lena Hale might have relied in an action to secure a certificate, it is clear that in changing it, the appellant did her a grievous wrong.  The court did not err in overruling his first ground for new trial.

The paper altered in this case is very different from the paper which the appellee was charged with forging in the case of Commonwealth v. Brewer, 113 Ky. 217, 67 S. W. 994, 24 K. L. R. 7.  In the Brewer case, the paper in question never purported to be anything more than a copy, and so showed on its face, whereas the paper altered by appellant was not only an official report upon which valuable rights depended, but it was a report which the statute had raised to the dignity of an original document, as shown above.  Appellant changed it, and Lena Hale lost that year's work as a result.

In his second ground for a new trial,  appellant complains because the court admitted incompetent evidence, as he says.  Appellant perhaps thought it would not look well to change the grades of Lena Hale alone, and to allow this paper to remain in his office, showing no erasures or changes, except in the case of Lena Hale, and doubtlessly, for the purpose of diverting attention from the erasures made in her grades, he made changes in the grades made by other teachers.  The court permitted evidence to be heard of changes made in the grades of Lucy Kimler and other teachers, and this is the incompetent evidence of which appellant is complaining; but these changes are all a part of the same forgery.  He is charged with the forgery of this grade sheet, with intent to defraud Lena Hale, and these other changes which he made were made for the purpose of concealing his crime by distracting attention from the changes made in her grade.  This was competent.

In a prosecution for homicide where defendant, after the killing, sought to evade his pursuers, and picked out a high place, where he could see for some distance, evidence that he shot one of his pursuers held competent, being so connected with respect to the time and locality

of the killing as to form an inseparable transaction. Garman v. Commonwealth, 183 Ky. 455, 209 S. W. 528.

The court also permitted Lena Hale and others to show that some time prior to this examination, they had some trouble with appellant about their pay for teaching, and that they formed an organization for the purpose of collecting their money, and that there was some talk of suits being filed. The court permitted them to show that the teachers who went into this organization had been eliminated from the teaching body of the county. It was competent to show this for the purpose of showing motive which appellant may have had for the commission of this crime. It tended to show a purpose on his part to rid himself of these teachers. Appellant could not derive any pecuniary profit from the commission of this forgery, and he committed it for the purpose of venting his spleen by eliminating Lena Hale as a teacher.

His third complaint is that the court rejected competent evidence offered by him, but we have been unable to find such error in the record. There are nearly 600 pages of the bill of evidence alone, and appellant didn't think this offered and rejected evidence of enough importance to point it out in his brief, so we are disposed to accept his valuation of it.

His fourth, fifth, sixth, seventh, eighth, ninth and tenth grounds for a new trial are practically restatements of his first, second and third grounds, and, of course, the action of the court in overruling them is approved for the same reason that we approved its action in overruling the first three grounds.

His eleventh ground for a new trial is "because the Commonwealth's attorney in his argument to the jury exhibited to and had the jury to examine the certificate issued to Lena Hale for the May Examination, 1921, the records as kept by the superintendent of public instruction, to all of which the defendant excepted and objected, which objections and exceptions were overruled by the court, to which ruling of the court the defendant excepted at the time."

These documents had been introduced in the evidence. They were competent evidence, and being competent evidence, the Commonwealth's attorney had a right, and it was his duty to comment on them, and to explain them to the jury. We cannot conceive of a better method of calling the jury's attention to them than by exhibiting them to the jury.

In his brief, appellant complains of the instructions given by the court, but as he failed to make that complaint in his motion and grounds for new trial, we cannot consider it. However, we have examined the instructions, and we cannot find anything in them of which he has any reason to complain. He has had a fair trial. He got the lowest punishment. He ought to be satisfied.

The judgment is affirmed