## AUBERT v. ST. LOUIS-SAN FRANCISCO RY. CO. et al.

No. 34816.   Sept. 9, 1952.

Rehearing Denied Dec. 16, 1952.

*251 P. 2d 190.*

Robinson, Shipp & Robertson, Oklahoma City, for plaintiffs in error.

E. G. Nahler, St. Louis, Mo., and Tom Garrett and Satterfield, Franklin & Harmon, Oklahoma City, for defendants in error.

BINGAMAN, J. The sole question presented by this appeal is whether a warranty deed made by William Barnett to the St. Louis & Oklahoma City Railroad Company conveyed a fee title, so that by subsequent conveyances the St. Louis & San Francisco Railroad Company, which was vested with whatever title the grantee in said deed acquired, was the owner of the oil and gas and other minerals under the right of way conveyed by the deed. The deed omitting formal parts, reads as follows:

"That I, William Barnett, of the County of Oklahoma in the Territory of Oklahoma, party of the first part, for and in consideration of the benefits resulting to the undersigned and to his land by the construction and operation of a railroad hereinafter mentioned, and the sum of One Dollar to the said Barnett in hand paid by the St. Louis & Oklahoma City Railroad Company, of the second part, the receipt of which is hereby acknowledged, do hereby sell and convey, and by these presents do grant and convey to the said St. Louis & Oklahoma City Railroad Company, party of the second part, the right of way for a railroad, telegraph and telephone line, over, through and across the lands claimed by the undersigned as a grantor hereinafter, lying and being situated in the County of Oklahoma in the Territory of Oklahoma, and described as follows, to-wit:

"The east half of the Northwest Quarter and the west half of the Northeast Quarter of Section Twelve, Township Twelve North of Range Two West of the Indian Meridian.

"Said right of way to include a strip of land One Hundred Feet in width, the same to extend fifty feet on each side of the center of the railroad bed, or track of the said railroad, when located and constructed, and said company shall have the right to use such additional ground where there are heavy cuts or fills, as may be necessary for the construction and maintenance of the road bed, not exceeding one hundred feet in width on each side of the said right of way, or as much thereof as may be included in said cut or fill, and with the right to take and use a strip of land one hundred feet in width, with a length of two thousand feet, adjoining to and in addition to said right of way for depot and station and sidetrack grounds. The field notes, plats and surveys, and maps of the said strip of land as made, or to be made, by the said St. Louis & Oklahoma City Railroad Company are hereby referred to and adopted as a part of this deed, for greater certainty of the description of the land conveyed: To have and to hold the same, by the said St. Louis & Oklahoma City Railroad Company and their successors and assigns forever, with the right to take and use the earth, stone, gravel, timber and other material thereon necessary or useful in the construction, maintenance or operation of said road or lines, together with all and singular the rights, privileges and appurtenances thereto belonging, and all the rights and privileges granted by the act of Congress granting said company the right of way through the Indian Territory (which act of Congress became a law March 18, 1896), and in the use of said railroad, telegraph and telephone line, and for a perpetual way therein. (This deed is intended to convey only such right as said first party may lawfully convey to said second party under the provisions of section 2288 of the Revised Statutes of the United States), and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular, the said premises to the said St. Louis & Oklahoma City Railroad Company, its successors and assigns, against every person whomsoever, lawfully claiming or to claim the same.

"Witness my hand and seal this 21 day of March, 1898."

At the trial the parties stipulated that on the date of the deed Barnett was the owner of the fee-simple title to the land described in the deed, and that if the instrument conveyed title to the oil, gas and other minerals in and under said lands the same were now owned by the defendant railway company, subject to an oil and gas lease made by it in favor of the defendants, Briscoe and Hall; that in the event the instrument did not convey title to the oil, gas and other minerals then plaintiffs and

other parties claiming under them were the owners thereof.

Plaintiffs contend that the granting clause of the conveyance in question limits the grant to an easement, and that if there should be any question about the effect of the granting clause the grant is further limited by additional recitations contained in the conveyance. Defendants, on the other hand, contend that 16 O. S. 1951 §29 controls the conveyance and that the term "right of way", under Oklahoma law, does not limit the quantity of the estate conveyed. No testimony other than the stipulation above mentioned was introduced by either party, and the meaning of the deed and the intent of the grantor in making the conveyance must therefore be ascertained from examination of the instrument.

It is to be noted that nowhere does the deed purport to convey a specific strip of land, but it grants the right of way over, through and across the entire tract of land owned by the grantor; provides that it may include the use of a certain amount of extra land in certain cases, and that the exact location of the strip is to be ascertained from the field notes, plats and surveys and maps made of it by the grantee. It further grants the right to take earth, stone, gravel, timber and other materials thereon necessary or useful in the construction, maintenance or operation of said roads or lines, together with all the rights and privileges granted by the Act of Congress granting said company a right of way through the Indian Territory.

In their brief plaintiffs cite numerous authorities, such as East Alabama Railway Co. v. Doe, 114 U. S. 340, 5 S. Ct. 869, 29 L. Ed. 136; Lockwood v. Ohio River Ry. Co., 103 Fed. 243; Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S. W. 737, and cases from other states all holding that where the grant is of right of way only it does not convey a fee. They urge that such an instrument has never been construed by this court, and that

the clear intent of the grantor is not to convey the fee estate in the strip designated as right of way, but an easement or grant for right of way purposes only. We think this contention must be sustained.

The line of cleavage or demarcation between deeds conveying the fee of right of way granted to railroad companies and deeds conveying only an easement or limited estate therein seems to be clear and well defined. In 44 Am. Jur. p. 315, §101, the author says:

"The general rule is that conveyances to railroads which purport to grant and convey a strip, piece, parcel, or 'tract of land', and do not contain additional language relating to the use or purpose to which the land is to be put, or in other ways cut down or limit, directly or indirectly, the estate conveyed, are usually construed as passing an estate in fee."

In sec. 102, p. 316, the author further states that a railroad to which is conveyed a right of way acquires an easement only.

In 51 C. J. p. 539, §203, the author states that:

"as a general rule, where land obtained by purchase or agreement is conveyed by an instrument which purports to convey a right of way only, it does not convey title to the land itself, but the railroad company acquires a mere easement in the land for right of way purposes, leaving the fee subject to such servitude in the owner, particularly where the deed provides for reverter to the grantor in case the land is not used for such purposes."

The cases cited by plaintiffs are in accord with the rules above announced regarding a conveyance of right of way only. Thus, in East Alabama Railway Co. v. Doe, supra, the grant was of "the right of way over which to pass at all times by themselves, directors, officers, agents, hirelings and servants in any manner they may think proper and particularly for the purpose of running, erecting and establishing thereon a railroad with requisite number of

tracks." The Supreme Court held that the right granted was merely a right of way for railroad, and that a purchaser from the railroad company would not acquire a fee-simple title thereto. Many other cases so holding are contained in a note in 132 A. L. R., beginning at p. 142, On p. 145, Sub. 2, many authorities are cited to the effect that where a grant purports to convey or grant a parcel or tract of land it is usually construed as passing an estate in fee. Then in Sub. 3, p. 172, are cited numerous authorities holding that a deed which conveys a right of way rather than a strip, piece, parcel or tract of land, conveys an easement rather than a fee. A case so holding, citing and analyzing many authorities, is Morsbach v. Thurston County, 152 Wash. 562, 278 P. 686.

It is noteworthy that the cases cited by defendants are all cases which granted to the railroad company a specific tract, parcel or strip of land. Such was the character of the conveyance in Gilbert v. M., K. & T., Ry. Co., 185 Fed. 102, Marland v. Gillespie, 168 Okla. 376, 33 P. 2d 207, Stinson v. Okla. Ry. Co., 190 Okla. 624, 126 P. 2d 260; Cobbs v. Wiedemann, 170 Okla. 493, 40 P. 2d 1075, and Higgins v. Oklahoma City, 191 Okla. 16, 127 P. 2d 845. So also are the cases from other jurisdictions cited by them, all of which we have examined.

In Brightwell v. International-Great Northern R. Co., 121 Tex. 338, 49 S. W. 2d 437, 84 A. L. R. 265, cited by defendants, the grant was of a strip, two hundred feet in width, of land over and across a certain described tract. The Texas Court held that such deed conveyed the fee. It expressly distinguished the granting clause in the deed involved from the one involved in the case of Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S. W. 737, pointing out that in the Gladys case the deed merely conveyed a right of way two hundred feet wide over certain lands, and that the court there held that because the deed did not convey the land itself, but merely

a right of way, it did not vest the fee estate in the grantee. A similar distinction is made in Radetsky v. Jorgensen, 70 Colo. 423, 202 P. 175.

Some of the courts hold that language in a deed specifying the purpose for which the strip conveyed is to be used limited the conveyance, so that instead of conveying fee-simple title it conveyed an easement only. Sherman v. Petroleum Exploration, 208 Ky. 105, 132 S. W. 2d 768, 132 A. L. R. 137. But this court, both in Marland v. Gillespie, supra, and Higgins v. Oklahoma City, supra, held that such language merely evidenced a knowledge on the part of the grantor of the purpose for which the strip would be used, and did not have the effect of limiting the quality of the estate conveyed.

We find nothing in the deed which enlarges the grant from a right-of-way grant to a fee-simple. It is true, as contended by defendants, that our statute, 6 O. S. 1951 §29, provided that every estate in the land which shall be granted or conveyed by a deed shall be deemed an estate in fee simple, unless limited by express words. But here the grant is limited by express words to a grant only of right of way, so that the statute is not controlling. The deed also provides that the railroad may take and use earth, stone, gravel and other material on the land for use in the construction, operation or maintenance of its road. Defendant urges that this provision applies only to the additional tracts specified in the deed as subject to its use, but there is nothing in the language which would limit or confine it to those tracts.

The reference to the Acts of Congress contained in the deed do not in our judgment affect the character of the rights intended to be conveyed by the grantor to the railroad company. If anything, they tend to show that it was not the intent to convey the fee. The Act of March 18, 1896, therein referred to, authorized the St. Louis & Oklahoma City Railroad Company to take for their right of way a strip one hundred feet

in width, through Indian Territory and the Territory of Oklahoma, and provided that when that portion of the land so taken should cease to be used for railroad purposes it should revert to the Nation or Tribe of Indians from which the same should be taken. Sec. 2288 of the Revised Statutes was a provision applicable to entrymen of public lands, and which prohibited their alienation in fee. Since it is conceded that Barnett owned the lands in fee at the time of the conveyance we fail to see where that statute has any application.

Since we hold that the deed did not convey a fee-simple title in the lands involved to the railroad company, it follows that the judgment of the trial court must be reversed.

Reversed, with directions to render judgment for plaintiffs.

ARNOLD, C. J., HALLEY, V. C. J., and CORN and JOHNSON, JJ., concur. WELCH, GIBSON, DAVISON, and O'-NEAL, JJ., dissent.

GIBSON, J. (dissenting). Statements in the majority opinion to the contrary notwithstanding, the deed involved herein does convey a strip of land by definite description. The deed granted and conveyed "the right of way for a railroad, telegraph and telephone line, over, through and across the lands claimed by the undersigned as a grantor hereinafter, lying and being situated in the county of Oklahoma in the Territory of Oklahoma, and described as follows, to wit:

"The east half of the Northwest Quarter and the west half of the Northeast Quarter of Section Twelve, Township Twelve North of Range Two West of the Indian Meridian.

"Said right of way to include a strip of land One Hundred Feet in width, the same to extend fifty feet on each side of the center of the railroad bed, or track of the said railroad, when located and constructed, and said company shall have the right to use such additional ground where there are heavy cuts or fills, as may be necessary for the construction and main-

tenance of the road bed, not exceeding one hundred feet in width on each side of said right of way, or as much thereof as may be included in said cut or fill, and with the right to take and use a strip of land one hundred feet in width, with a length of two thousand feet, adjoining to and in addition to said right of way for a depot and station and side-track grounds. The field notes, plats and surveys, and maps of the said strip of land as made, or to be made, by the said St. Louis & Oklahoma City Railroad Company are hereby referred to and adopted as a part of this deed, for greater certainty of the description of the land conveyed: * * *."

There are no express words of limitation upon the grant contained in the deed, so under 16 O. S. 1951 §29, the estate conveyed is deemed an estate in fee simple. The cited statute reads:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

The extent and nature of the estate conveyed where words were used similar to those employed in the deed involved here was determined by us in Marland v. Gillespie, 168 Okla. 376, 33 P. 2d 207. Therein we held:

"A deed from a grantor to a railway company containing the sentence 'The same being for a right of way for a railroad track as the survey thereof is now located and said grantee agrees to construct two grade crossings over its tracks for the use of the grantor, and proper water ways under its track where there is heavy fills,' but not otherwise limited, conveys a fee-simple title; such sentence not being a limitation upon the quality of the estate conveyed."

Again, in Higgins v. Oklahoma City. 191 Okla. 16, 127 P. 2d 845, wherein a deed conveying a strip of ground for railroad right of way was involved, and the quantity, nature and extent of the estate conveyed was in question, we said:

"But when the deed was executed, section 30, ch. 8, S. L. 1897 (sec.

9698, O. S. 1931), was in force. That section provides that 'every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee-simple and of inheritance, unless limited by express words.' And a quitclaim deed made in substantial compliance with the chapter on conveyances conveys all the right, title, and interest of the maker thereof in and to the premises therein described. Section 17, ch. 8, S. L. 1897, (sec. 9679, O. S. 1931). Under section 42, ch. 8, S. L. 1897 (sec. 9680, O. S. 1931) the granting clause of a quitclaim deed may contain the words 'do hereby quitclaim grant, bargain, sell and convey,' but a substantial compliance with that section is sufficient; the section is directory and not mandatory. Mosier v. Momsen, 13 Okla. 41, 74 P. 905. Words of a similar import, showing an intention to convey a present interest, are sufficient. Id.

"* * *

"The deed granted to the second party the lands therein described 'for a right of way for its railroad, telegraph and telephone lines, and for railroads or station purposes.' Defendant says that a right-of-way grant conveys a limited estate with reverter always to the grantor or his heirs. This argument, as applied to a railway company, is refuted by the decisions in Oklahoma Ry. Co. v. Severns Paving Co., 67 Okla. 206, 170 P. 216; Marland v. Gillespie, 168 Okla. 376, 33 P. 2d 207. In the former case this court held that by reason of section 1382, R. L. 1910 (same as section 1022, Stat. 1903, now section 11913, O. S. 1931, supra), which confers on railway corporations power to take a fee title to land purchased for right-of-way purposes, a voluntary grant or donation of land to a railway company vests it with an estate in fee, although the dedication was for railway purposes only. In the Marland Case, supra, we held that a deed to a railway company for right-of-way purposes, not otherwise limited, conveyed a fee-simple title."

The majority opinion attempts to distinguish Marland v. Gillespie, supra, and Higgins v. Oklahoma City, supra, from the case at bar by stating that in those cases a specific tract was con-

veyed whereas in the deed here it "grants the right of way over, through and across the entire tract of land owned by the grantor." The statement is inaccurate and incorrect as reference to the various deeds will disclose.

The majority opinion in effect overrules the Marland and Higgins cases. I think we should follow them and affirm the judgment of the trial court.