CHICAGO, ROCK ISLAND AND PACIF-
IC RAILROAD COMPANY, a cor-
poration, Appellant,

v.

J. H. BLACKMON, Esta May Blackmon,
Ray Seay, Lillie Mae Seay, Andrew E.
Perry, Jr., Myrta Blanche Perry, Eliza-
beth Jane Bezzi, M. Cliff West, Henriet-
ta West as an individual and as Guard-
ian of the estate of Betty Sue West, F.
M. Hocker as an individual and as trus-
tee for Walter E. Hocker and Helen N.
Hocker, Walter E. Hocker, Jr., as an
individual and as trustee for Walter E.
Hocker and Helen N. Hocker, Martha
M. Hocker, Noel Jones as trustee for
Walter E. Hocker and Helen N. Hocker,
E. M. Woody, Marie Woody, Orville B.
Gregg, Fern Evelyn Gregg, Paul Mas-
sey, Virgie Massey, Cleo Walter, Ruth I.
Walter, The Lincoln National Life In-
surance Company, a corporation, W. N.
Smith, C. O. Anderson, R. J. Stengl,
R. J. St. Germain, Roger H. Davis, C.
Kelly, Fred V. Shadid, Alexander Shadid
and Shell Oil Company, a corporation,
Appellees.

No. 5167.

United States Court of Appeals
Tenth Circuit.

Jan. 14, 1956.

J. I. Gibson, Oklahoma City, Okl., for
appellant.

S. L. Simpkins, Elk City, Okl., for ap-
pellees, J. H. Blackmon, Esta Mae Black-
mon, Ray Seay, and Lillie Seay.

Donald Royse, Elk City, Okl., for ap-
pellees Elizabeth Jane Bezzi, M. Cliff
West, Henrietta West, and Henrietta
West, Guardian of Betty Sue West, a
minor.

Coleman Hayes and Russell Thompson,
Monnet, Hayes & Bullis, Oklahoma City,
Okl., for appellees F. M. Hocker, E. M.
Woody and Marie Woody.

L. G. Brewer, Elk City, Okl., for ap-
pellees Walter E. Hocker and Helen N.

**804**

Hocker, individually, and Walter E. Hocker, F. M. Hocker and Noel Jones as trustee for Walter E. Hocker and Helen N. Hocker, W. N. Smith, C. O. Anderson, R. J. Stengl, R. J. St. Germain, Roger H. Davis, Fred V. Shadid, Martha M. Hocker and Alexander Shadid.

Holland Meacham, Elk City, Okl., for appellees Orville B. Gregg, Fern Evelyn Gregg, Paul Massey and Virgie Massey and Cleo Walter and Ruth Walter.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The Chicago, Rock Island and Pacific Railroad Company brought this action against the owners of property abutting a portion of its right of way in Beckham County, Oklahoma, for a determination of the estate conveyed to its corporate predecessor by certain right of way instruments. The railroad company has appealed from a judgment holding that the instruments conveyed only a right of way for railroad, telegraph and telephone purposes, and not the fee title.

The case was tried on a stipulation of facts. All of the instruments involved are identical except for the names of the grantors and the legal description of the lands.

The instruments were entitled "Right of Way Deed" and conveyed a strip of land one hundred feet wide across the lands described therein. The granting clause in each deed "granted, bargained and sold * * * unto the Western Oklahoma Railroad Company * * * its successors, and assigns, a right of way for its railroad, telegraph and telephone lines, over through and across the lands owned or claimed" by the grantors. The land was to be traversed by the right of way in accordance with a map or plat of the right of way filed in the Department of the Interior at Washington, D. C. It was provided that for a more definite description of the land conveyed "the plats, surveys and maps of said right of way as are now made or to be hereafter

made * * * are hereby referred to and adopted as a part of this deed, * * *." The railroad company was given the right to use additional ground, not to exceed one hundred feet in width on each side of the right of way, where there were heavy cuts or fills necessary for the construction or maintenance of the railroad roadbed. Pertinent provisions of the habendum clause read: "To have and to hold the same to the said Western Oklahoma Railroad Company, its successors and assigns, with all the rights, ways, easements, privileges, advantages and appurtenances belonging or in anywise appertaining thereunto." At the time the deeds were executed the grantors were entrymen or homesteaders on the lands, and each deed stated that it was made under the provisions of the statute which authorized the issuance of a railroad right of way before patent. 43 U.S.C.A. § 174, formerly R.S. § 2288. The entrymen later received patents from the United States.

The Oklahoma Statute provides: "Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." 16 Okl.St.Ann. § 29. The railroad contends that the deeds do not contain express words limiting the estate conveyed, and that therefore, under the statute, the estate granted is a fee simple title. The difficulty with this argument is that under Oklahoma law, if the deed shows that it was the intent of the grantor to limit the estate conveyed and to convey less than the fee title, the intent controls. Aubert v. St. Louis-San Francisco Ry. Co., 207 Okl. 537, 251 P.2d 190, 192; East Alabama Railway Co. v. Doe, 114 U.S. 340, 5 S.Ct. 869, 29 L.Ed. 136. The Aubert case held that where "the clear intent of the grantor is not to convey the fee estate in the strip designated as right of way, but an easement or grant for right of way purposes only" the statute does not control and the grant is for an easement or for right of way purposes only. In other words, the conveyance is made by the instrument, not

the statute, and does not convey a fee. The railroad attempts to distinguish the Aubert case by referring to the difference in the granting provisions of the deeds. The deeds here were each entitled "Right of Way Deed". They granted to the railroad "a right of way for its railroad, telegraph and telephone lines * * * ". There was no exact location of the right of way strip or the additional land authorized to be used, and each deed referred to a map or plat of the right of way filed or which might thereafter be filed in the Department of the Interior at Washington, D. C. The railroad had the right to use additional lands limited to one hundred feet in width on each side of the right of way. The habendum clause described the estate conveyed as "all the rights, ways, easements, privileges, advantages and appurtenances belonging or in anywise appertaining thereunto."

The conveyance in the Aubert case was a warranty deed. It conveyed " 'the right of way for a railroad, telegraph and telephone line, over, through and across the lands' " owned by the grantor. The land was described as a strip one hundred feet wide with the right to use such additional ground for heavy cuts and fills not exceeding one hundred feet in width on each side of the right of way. The right of way was to be located across the land according to field notes, plats, maps and surveys made by the railroad.[1] The habendum clause granted the right " 'to have and to hold the same, * * * with the right to take and use the earth, stone, gravel, timber and other material thereon necessary or useful in the construction, maintenance or operation of said road or lines, together with all and singu-lar the rights, privileges and appurtenances thereto belonging, * * *.' "

There is no substantial difference in the language used in the Aubert case deeds and the language used in those under consideration here. We think in each case the grantors intended to convey the same interest in the land and that the Aubert decision is dispositive of this case.

Affirmed.

1. In the Aubert case, the court said:

"It is to be noted that nowhere does the deed purport to convey a specific strip of land, but it grants the right of way over, through and across the entire tract of land owned by the grantor; provides that it may include the use of a certain amount of extra land in certain cases, and that the exact location of the strip is to be ascertained from the field notes, plats and surveys and maps made of it by the grantee. It further grants the right to take earth, stone, gravel, timber and other material thereon necessary or useful in the construction, maintenance or operation of said roads or lines, together with all the rights and privileges granted by the Act of Congress granting said company a right of way through the Indian Territory."