GILBERT et al. v. MISSOURI, K. & T. RY. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. January 12, 1911.)

No. 3,292.

RAILROADS (§ 69*)—DEED FOR RIGHT OF WAY—ESTATE CONVEYED—OKLAHOMA STATUTE.

Under Wilson's Rev. & Ann. St. Okl. 1903, § 907, which provides that every estate in land conveyed shall be deemed an estate in fee simple unless limited by express words, and section 1022, which confers on railroad corporations power to take a fee title to land purchased for right of way or other railroad purposes, a conveyance of land to a railroad com-

pany by a deed of general warranty vests it with an estate in fee, although the conveyance was for railroad purposes only.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 161–165; Dec. Dig. § 69.*]

In Error to the Circuit Court of the United States for the Western District of Oklahoma.

Action at law by O.ˑ A. Gilbert, administrator of the estate of Jason A. Powell, deceased, and Barbara Powell against the Missouri, Kansas & Texas Railway Company and J. B. Showalter. Judgment for defendants, and plaintiffs bring error. Affirmed.

William Blake and Victor O. Johnson, for plaintiffs in error.

W. C. Franklin (Clifford L. Jackson, W. R. Allen, and M. D. Green, on the brief), for defendants in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. This action was brought by plaintiffs in error to recover of defendants in error damages for the removal and conversion of oil from a strip or parcel of land 100 feet in width running across the north half of the northwest quarter of section 16, township 21, range 8 east, Indian Meridian, Pawnee county, Okl. The complaint alleged that Jason A. Powell and Barbara Powell, on August 13, 1902, conveyed the above strip of land to the Missouri, Kansas & Oklahoma Railroad Company for a right of way and for railroad purposes only, and as evidence of such conveyance made, executed, and delivered the following deed of conveyance:

"Warranty Deed.

"Know all men by these presents: That Jason A. Powell and Barbara A. Powell, his wife, of the county of Pawnee in the territory of Oklahoma, parties of the first part, for and in consideration of the sum of four hundred dollars ($400.00) to said grantors in hand paid, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the Missouri, Kansas and Oklahoma Railroad Company, a corporation created and existing under and by virtue of the laws of the territory of Oklahoma, party of the second part, its successors, and assigns, the following described tract or parcel of land, real property and premises, situated in the county of Pawnee, territory of Oklahoma, that is to say: A strip or parcel of land one hundred feet in width, running through and across my farm on the line as now located in the north half of the northwest quarter of section 16, township 21, range 8 east, Indian Meridian, in the Outlet, Oklahoma.

"To have and to hold the premises hereby conveyed with all the right, privileges and appurtenances thereunto belonging, or in any wise appertaining, unto the said Missouri, Kansas & Oklahoma Railroad Company, party of the second part, its successors and assigns forever, free, clear and discharged of and from parts, charges, taxes, judgments, mortgages, and incumbrances of whatsoever nature, and the said Jason A. Powell, and Barbara A. Powell, and their heirs, executors and administrators hereby covenant to warrant and defend the title to the premises hereby conveyed against the claims of any person or party.

"In witness whereof we have hereunto subscribed our names the 13th day of August. A. D. 1902.                                      ·Jason A. Powell.

"Barbara A. Powell."

This deed was attached to the complaint as an exhibit. The land therein described was subsequently conveyed to the Missouri, Kan-

sas & Texas Railway Company, one of the defendants in error. There was a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment of dismissal of the action followed. The only question argued in the briefs of counsel on either side is: What was the estate conveyed by the deed above mentioned as the facts appear in the complaint? This being so, we may assume that the complaint otherwise stated a cause of action. Plaintiffs in error contend that the demurrer admits· that the strip of land was conveyed for a right of way only, and hence defendants had no right to drill wells and extract oil therefrom. Defendants in error contend that the allegation of the complaint that the land was conveyed for right of way and railroad purposes only is controlled by the deed of conveyance attached to the complaint as an exhibit, and that by the deed a title in fee passed. We think that it is not necessary to decide how far the deed attached to the complaint as an exhibit controls the allegations of the complaint for the reason that, conceding that the demurrer admits that the land was conveyed for right of way and railroad purposes only, it still remains to be determined what kind of an estate was conveyed by the deed for the above-mentioned purposes.

The deed in question is one of general warranty and on its face conveys a title in fee. It is conceded that the law granting the right to railroad corporations to hold and acquire real estate in Oklahoma, in force at the date of the deed herein mentioned was section 1022, Wilson's Rev. & Ann. Stat., which is in the following language:

"To acquire under the provisions of this article, or by purchase, all such real estate and other property either within or without this territory, as may be necessary for the construction, maintenance and operation of its railroad, and the station, depot grounds, and other accommodations reasonably necessary to accomplish the objects of its incorporation; to hold and use the same, to lease or otherwise dispose of any part or parcel thereof, or sell the same when not required for railroad uses, and no longer necessary to its use."

This law by necessary implication confers the power upon railroad corporations to take a fee title to land purchased for right of way or other railroad purposes. Counsel for plaintiffs in error seem to think that when it is once established that the land in question was conveyed for right of way and railroad purposes only, their case is made; but this fact which is a conceded one in this case by no means determines the quantity of the estate conveyed. We thus have power in the railroad company to take an estate in fee when it acquires land by purchase for railroad purposes, and we have a deed of conveyance unambiguous in terms which on its face conveys an estate in fee. This being so, we are not at liberty to go outside of the deed to ascertain the quantity of the estate conveyed thereby. In the case of Sherman v. Sherman, 23 S. D. 486, 122 N. W. 439, the Supreme Court of South Dakota had under consideration a statute of that state which, for the purposes of this case, is identical with the Oklahoma law above quoted. In this case certain parties had conveyed land in South Dakota to a railroad company expressed in the instrument of conveyance itself to be for railroad purposes.and no other. The land was transferred to another railroad company and leased by the latter for ware-

house purposes. The former owners brought an action to quiet title and for possession. The court, however, denied the relief. The Supreme Court of South Dakota in disposing of the case used the following language:

"It seems to be quite evident that the legislative mind intended that a fee title should pass to the railway company, and that there is no way of escaping this conclusion. It is plainly apparent from the reading of the statute that the title to be acquired under these provisions is coextensive and correlative with the power of holding and disposition of the land so acquired. The plain intent of the legislative assembly was that a complete title should be vested in the company.

"The very wording and form of this grant in question are such as to make it clear that plaintiffs intended to convey and the company to acquire the full title contemplated by this statute—a fee-simple title."

Section 907 of Wilson's Rev. & Ann. Stat. of Oklahoma provides as follows:

"Every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee simple and of inheritance unless limited by express words."

We have examined the cases cited by counsel for plaintiffs in error, but do not think they are persuasive, as they are decisions either where there were no statutes like the one in Oklahoma, or where the statute or deed of conveyance was different than the one in question in this case.

We simply decide that, conceding the conveyance of the land in question was for railroad purposes only, still the deed that was executed for the purpose of conveying the land, when construed with reference to the laws of Oklahoma, conveyed an estate in fee.

It results that the judgment of the court below should be affirmed, and it is so ordered.