KYNERD v. HULEN et al.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1925. Rehearing Denied April 29, 1925.)

No. 4339.

1. Railroads ⊜69—Right of way in fee simple may be acquired by purchase.

In Texas a railroad company by condemnation of right of way secures only an easement, but it may acquire fee-simple estate by purchase, in which event its right to use land is as absolute and unrestricted as is that of individual, at least so long as state does not complain.

2. Contracts ⊜147(1)—Deeds ⊜93—Intent of parties governs; rule as to intent applies to deeds.

In construing any contract, intent of parties governs, and this rule applies to deeds.

3. Deeds ⊜90, 97—Every part given effect, if possible; in case of conflict, granting clause prevails over other clauses.

Every part of deed must be given effect, if possible; but, in case of conflict, granting clause prevails over other clauses.

4. Railroads ⊜69—Deed to land held to convey fee and not mere easement; "over"; "through."

Under Vernon's Sayles' Ann. Civ. St. 1914, Tex., art. 1106, warranty deed to railroad which did not, in any part thereof, in terms purport to convey a right of way, but conveyed strip of land 100 feet wide "upon, over and across" grantor's tract, and provided that it was understood that land conveyed is strip "through and over" premises described, *held* to convey fee-simple title and not mere easement; word "over" being synonymous with "through."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Through; Second Series, Over.]

5. Evidence ⊜390(4)—Where deed clearly conveyed fee, it was not error to sustain demurrer to complaint based on theory that deed conveyed mere right of way.

Where deeds clearly and unambiguously conveyed fee, it was not error to sustain demurrer to complaint based on theory that deeds conveyed mere easement, notwithstanding allegations of petition as to circumstances under which they were executed.

6. Costs ⊜256(1)—Cost of printing matter unnecessary for writ of error taxed against parties at whose request it was incorporated in record.

Where plaintiff in error's direction for making up record did not include answers of defendants in error, who insisted on incorporating answers in record, causing printing of over 125 pages of matter unnecessary to writ of error, costs of printing such matter should be taxed against successful defendants in error in solido.

Walker, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by W. D. Kynerd against John A. Hulen, receiver of the Trinity & Brazos Valley Railway Company, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Joseph Manson McCormick, of Dallas, Tex. (Francis Marion Etheridge, Henri Louie Bromberg, and Paul Carrington, all of Dallas, Tex., on the brief), for plaintiff in error.

J. H. Barwise, Jr., G. W. Wharton, and H. S. Garrett, all of Fort Worth, Tex., and Alex S. Coke, of Dallas, Tex. (Cruce & Potter, of Ardmore, Okl., Thompson, Barwise & Wharton, of Fort Worth, Tex., and Coke & Coke, of Dallas, Tex., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an action of trespass to try title under the Texas practice, by which the plaintiff, Kynerd, seeks to recover the value of oil extracted from two parcels or strips of land forming parts of a railroad right of way, and to establish his right to extract oil therefrom in the future.

The petition sets out a separate deed of each of the two parcels of land in controversy, executed in 1903 by the then owners to the defendant railway company. One of the deeds recites a cash consideration of $129.25, and conveys: "All that certain tract, lot or parcel of land lying and being situate in the county of Limestone in the state of Texas, being a part of what is known as Pedro Varola original grant in said county and being more particularly described as follows, to wit: A strip of land one hundred feet wide being fifty feet on each side of the center of the main line track of said Trinity & Brazos Valley Railway Company as the same may hereafter be constructed, laid and fixed by said company upon, over and across the following tract of land owned by us which said tract owned by us is described as follows," etc.

It then describes by metes and bounds a tract of 122.54 acres. The remaining parts of the deed are:

"It is understood that the land herein surveyed is a strip one hundred feet wide through and over the land and premises herein last above described, said strip commencing on east side of said tract and extending through the same in a general westerly direction to the west side of said tract.

"To have and to hold the above-described land and premises, together with all and singular the rights and appurtenances thereunto belonging or in any wise appertaining unto the said Trinity & Brazos Valley Railway Company, its successors and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Trinity & Brazos Valley Railway Company, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The other deed recites a cash consideration of $117.75 and in like manner describes a tract of land of 101.1 acres, "through and over" which a "strip of land" 100 feet wide is conveyed. It is identical in form with the first mentioned deed, except that in the explanatory clause appearing next after the description of the whole tract the word "conveyed" is used instead of the word "surveyed." The petition then alleges that before the line of railway was built a committee of citizens undertook to provide a right of way for it through Limestone county, either by procuring deeds or by condemnation proceedings; that in order to accomplish its purpose that committee either brought or threatened to bring condemnation proceedings against landowners; that the deeds, the interpretation of which is involved in this controversy, were executed to avoid the expense of condemnation; that the form of deed used was prepared by the grantee, and the grantors were informed that no greater estate would be thereby conveyed than could be obtained by condemnation and that the consideration was calculated on the basis of what would be allowed in condemnation proceedings; and that the grantors and grantee believed that the deeds in question would not pass the mineral rights but would grant only a perpetual right of way, which was the only use the railway company had for the lands conveyed to it.

Finally, the petition alleges that since November, 1921, the defendants have extracted oil of great value from those portions of the

right of way conveyed by the two deeds above described; and that plaintiff, in December, 1922, by oil and gas leases from the railway company's grantors or their heirs, became entitled to all the mineral rights in the two parcels of land above described upon which the railway company has its right of way.

The trial court sustained a demurrer to, and dismissed, the petition. Plaintiff assigns error and contends that the railway company acquired only an easement, whereas it is the position of defendants that each of the deeds conveyed an estate in fee simple.

[1] In Texas, a railroad company by condemnation of a right of way secures only an easement, but it may acquire a fee-simple estate by purchase. Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S. W. 453; The Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S. W. 737, 51 L. R. A. (N. S.) 268. When it acquires a fee-simple estate in land, its right to use the same is as absolute and unrestricted as is that of an individual, at least so long as the state does not complain. Stevens v. Galveston, etc., Ry. Co. (Tex. Com. App.) 212 S. W. 639. If a fee-simple estate be acquired, it is immaterial that the land so held in extent and area constitutes the right of way or that it is so used. The Right of Way Oil Co. v. Gladys City Oil Co., supra. The deeds are therefore to be construed as they should be had the grantee been an individual. Article 1106, Vernon's Sayles' Texas Civil Statutes 1914, provides: "Every estate in lands which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

[2-5] Each of the deeds attacked is a full warranty deed. The granting clause describes land and not an easement. There is a suggestion that the words "upon, over and across" in the granting clause refer to the land; but in our opinion they have reference to the railroad track, and there is nothing in the granting clause to sustain the theory that only an easement was intended to be conveyed. In construing any contract, the intention of the parties governs; and that rule is to be observed in construing a deed. Every part of it must be given effect, if that can be done. But since the purpose of the granting clause of a deed is to define and designate the estate conveyed, in case of conflict it prevails over other clauses. 8 R.

C. L. 1044. That rule was recognized by this court in the Alabama case of Dickson v. Wildman, 183 F. 398, 105 C. C. A. 618, and prevails in Texas. Moore v. City of Waco, 85 Tex. 206, 20 S. W. 61. It is said, however, that the explanatory clause, following immediately after the description of the tract out of which the land conveyed to the railway company was taken, demonstrates that it was the intention of the parties to convey only an easement, because of the use of the word "over" therein contained. The exact expression is: "It is understood that the land herein surveyed [conveyed] is a strip 100 feet wide through and over the premises herein last above described, said strip commencing on east side of said tract and extending through the same in a general westerly direction to the west side of said tract." It is to be noted that the granting clause conveyed a strip of land 100 feet wide, to be taken from the larger tract described in the deed, and which contained 122 acres. It is also apparent from the deed, as well as from the petition, that the location of the right of way had not been definitely determined. It appears to us that the explanatory clause was incorporated in the deed out of an abundance of caution, so as to make it clear that it was not intended to convey the larger tract of land. Aside from this, the intention is expressed that the land conveyed should extend in an easterly and westerly direction. Again, even in the explanatory clause it is clear that it was the intention to convey land. It is practically conceded that the word "through" does not indicate an intention to convey an easement. Plaintiff's whole case is built upon the use of the one word "over." It is argued that the use of that word demonstrates that there was something "under" which was not being conveyed, and which later turned out to be oil. In our opinion, "over" is synonomous with "through," and "through and over" conveys no meaning different from what would have been expressed if the words "and over" had been left out. We think that is shown in the latter part of the clause, where it is provided that the land conveyed should extend "through" the larger tract. A similar conclusion was reached in the Eighth circuit in the case of Gilbert v. Missouri, etc., Ry. Co., 185 F. 102, 107 C. C. A. 320, though the words there used were "running through and across my farm." The deeds do not anywhere in terms purport to convey a right of way. That would be immaterial if there were other language of similar import; nevertheless, it is significant that words ordinarily employed to indicate the intention now contended for are lacking. The meaning of the deeds in our view is not uncertain or ambiguous, and it was therefore not error to sustain the demurrer, notwithstanding the allegations of the petition as to the circumstances under which they were executed. Taylor v. County School Trustees (Tex. Civ. App.) 229 S. W. 670; Wichita Petroleum Co. v. Winant (C. C. A.) 295 F. 67.

[6] Plaintiff's directions for making up the record did not include the answers of the various defendants; but the defendant railway company and its receiver, and the Old Colony Trust Company, insisted upon incorporating into the record answers which caused the printing of over 125 pages. These answers set up statutes of limitations, laches, and had attached to them as exhibits statements in great detail of expenses of operation and earnings. They serve no purpose whatever on this writ of error and should not have been included. The clerk of this court will therefore tax against the defendants just above named, in solido, the cost of printing those portions of the transcript included at their request.

The judgment is affirmed.

WALKER, Circuit Judge, dissents.