**WALKER et al. v. RENEGAR.**

No. 25253.   Sept. 22, 1936.

Rehearing Denied Oct. 27, 1936.

S. A. Horton and H. A. Wilkinson, for plaintiffs in error.

W. C. Madison, for defendant in error.

RILEY, J. This is an appeal from a decree and judgment declaring defendant in error, plaintiff below, to be the owner of an undivided one-half interest in lots 45 and 46, block 1, Walnut Grove addition to Oklahoma City, and ordering partition thereof.

It appears that said property had been conveyed by warranty deed to Will Walker from the Local Building & Loan Association, and was being occupied as the homestead of Will and Gertrude Walker. Thereafter the title thus acquired was attacked by two separate actions in court. Notice was served upon the Building & Loan Association to defend the title under its warranty. The two suits were consolidated and tried together. S. A. Wilkerson, an attorney, had been employed by the defendants Walker and served the notice upon the Building & Loan Association. Said association appeared by its own attorneys and defended the title. While said actions were pending Will and Gertrude Walker, on the one part, and Owen F. Renegar executed the following instrument:

"Agreement.

"This agreement entered into this the 4th day of January, 1932, by and between Will Walker and Gertrude Walker, parties of the first part, and Owen F. Renegar, party of the second part, witnesseth:

"That parties of the first part are the owners of Lots 44 and 45, in Block One Walnut Grove Addition to Oklahoma City, Oklahoma, and at this time is in litigation and it is the desire of parties of the first part to employ party of the second part as their attorney to handle said litigation for them, and they hereby assign and set over 50% of all sums and property recovered or confirmed in said litigation and hereby set over and assign to him an undivided one-half interest in and to the above property

and this is hereby declared an absolute grant of said one-half interest.

"Said attorney, Owen F. Renegar, hereby agrees to represent parties of the second part in said cause of actions and to claim no further compensation except as set out herein.
"Will Walker
"Gertrude Walker
"Parties of the First Part

"**Owen F. Renegar**
"Party of the Second Part."

Said instrument was duly acknowledged before a notary public by Will and Gertrude Walker.

The two actions attacking the title of the defendants Walker were tried together, Owen F. Renegar appearing therein as one of the attorneys, and the litigation resulted in a final judgment upholding and confirming the title of Will and Gertrude Walker.

Thereafter Renegar commenced this action claiming to be the owner of an undivided one-half interest in said property, based upon said written instrument; praying for a decree confirming his title and for partition.

The answer denied generally the allegations of the petition, and further alleged:

"* * * That the so-called 'Agreement' attached to the plaintiff's petition was without consideration and void; that the defendants did not receive any benefit by signing said agreement and that the same is, therefore, unenforceable.

"That said property is homestead of defendants Walker and Walker."

The issues thus joined were tried to the court, resulting in a judgment and decree in favor of Renegar, and defendants appeal.

The principal contentions are that the instrument in writing is insufficient to convey any interest or title, and that the trial court erred in refusing to admit or consider evidence offered by defendants designed to show that it was not their intention at the time they signed and acknowledged the instrument in question to convey any interest in said lots.

The first assignment of error presented is that the trial court erred in holding that the instrument in question, referred to by plaintiffs in error as a contract, transferred an interest in the property.

The real contention is that there are no operative words of grant or transfer, and therefore the instrument did not convey

any interest in the property. Many cases are cited to the effect that an instrument in writing purporting to be a deed or in the form of a deed, signed, attested, and acknowledged, but containing no words of grant or transfer, cannot operate as a conveyance of real property.

This general rule is conceded, and there is no contention that such is not the law.

Our attention is called to sections 9680 and 9681, O. S. 1931, relating to deeds, and 9682, prescribing the form of warranty deed. Therein the operative words of grant used are, "Grant, bargain, sell and convey." In case of quitclaim deeds the additional word "quitclaim" is used. But it is conceded that said sections provide a form which may be used, but that it is directory and not mandatory. It is so held in Mosier v. Momsen, 13 Okla. 41, 74 P. 905, wherein it is also said that it is not necessary to use the exact words, and that if words of similar import are used, the statute is substantially complied with and that is sufficient. Here the words used are "set over and assign."

There is no case in this jurisdiction construing a deed or other instrument containing these exact words as "operative words."

Cases are cited which hold in effect that any words which denote an intention to transfer the title to land are sufficient.

In Sanders v. Ransom, 37 Fla. 457, it is held:

"The words 'transfer' and 'assign' are not the usual operative words of a conveyance of real estate, but are sufficient to transfer the title. No particular form of words is necessary to effect a valid conveyance of lands. If the words used show an intent to convey a present interest, they are sufficient for that purpose."

In Jackson v. Root, 18 Johns. 60, it is held:

"Where the words of a deed were, 'For value received of G. and B. I hereby make over and confirm unto them and their heirs,' held, that these words were sufficient to raise a use, under the statute, and to convey the premises to the bargainee, in fee."

In Hutchins v. Carleton, 19 N. H. 487, it is held:

"The words 'assign and make over' are sufficient in a deed, duly executed, to pass a freehold."

In the latter case it will be observed the words are almost identical with the words used in the instant case.

In Kreider v. Lafferty (Pa.) 1 Wharton, 302-303, a case decided a century ago, it is held that the words: "Hath let unto said D. L. and his legal heirs and representatives," were sufficient to pass a fee-simple title to D. L. subject to an annual ground rent as called for in the instrument.

There is ample authority in support of the holding of the trial court on this question.

It is next contended that the court erred in refusing to admit or consider certain evidence offered tending to prove that there was no intent to convey an interest in the land.

This contention cannot be sustained. The intent of the parties is plainly expressed in the instrument itself, showing an intent to convey, and the granting words are followed immediately by the statement, "And this is hereby declared to be an absolute grant of said one-half interest." Such was the declaration of the parties at the time as to what their intention was. It is now too late for them by parol evidence to prove a different intent. The terms of a written instrument may not be varied in such manner.

The question of ambiguity is raised, but we do not consider the instrument in question to be ambiguous.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. PHELPS and WELCH, JJ., absent.