HIGGINS et al. v. OKLAHOMA CITY.

No. 23822.    Dec. 14, 1937.

Rehearing Denied March 1, 1938.

*127 P. 2d 845.*

See, also, Oklahoma City v. Dobbins, 189 Okla. 381, 117 P. 2d 132; Noble v. Oklahoma City, 191 Okla. 20, 127 P. 2d 843.

Joe T. Rogers, of Wichita, Kan., Warren E. Libby, of Los Angeles, Cal., and Fred Suits, Henry L. Goddard, Fred Ptak, and Chas. H. Garnett, all of Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Warren W. Connor, Asst. Municipal Counselor, and Jarman, Brown & Watts, of Oklahoma City, for defendant in error.

George E. Massey, Jr., of Oklahoma City, amicus curiae.

GIBSON, J. This action was commenced in the district court of Okla-

homa county by the heirs of Robert W. Higgins against the city of Oklahoma City to recover possession of a certain parcel of land located in said city and formerly occupied as a right of way by a railroad corporation. The parties will be hereafter designated in the order of their appearance at the trial.

This court on appeal of this cause has heretofore affirmed the judgment of the trial court in favor of the defendant (Noble v. Oklahoma City; Higgins v. Same, Consolidated, 172 Okla. 182, 44 P. 2d 135). The case then went to the Supreme Court of the United States, where our decision was reversed and the cause remanded for further proceedings as therein expressed (Noble v. Oklahoma City; Higgins v. Same, 297 U. S. 481).

The facts in the case and the contentions of the parties are set out in the foregoing decisions, and reference thereto is here made.

The above-mentioned decision of the Supreme Court of the United States settled this controversy in every respect with the exception of the effect of a certain right-of-way deed executed by plaintiffs' ancestor to the railroad company. It is sufficient to say that if that deed conveyed an absolute estate in fee simple, the plaintiffs are without valid claim to the land and their action in ejectment must fail. That question, under the mandate to this court, remains for our determination.

The deed in question reads as follows:

"Right of Way Deed

"R. W. Higgins & Wife to Choctaw Oklahoma

and Gulf Railroad Company

"Right of Way and Release of Damages

"Know all Men by these presents: That R. W. Higgins and wife, of the County of Oklahoma in Oklahoma Territory, of the first part, for and in consideration of the sum of Four Hundred Dollars paid for the use of a wye, off the right of way of said Company, from about December, 1892, to about the year 1897, on and over the lands hereinafter described, to them paid by the Choctaw, Oklahoma & Gulf Railroad Company, of the second part, the receipt of which is hereby acknowledged, have granted, bargained, quitclaimed and relinquished and by these presents do grant, bargain, quitclaim and relinquish and convey to the said Choctaw, Oklahoma & Gulf Railroad Company, party of the second part, the following described lands for a right of way for its railroad, Telegraph and Telephone Lines, and for Railroads or Station purposes, viz.:

"A strip of land 100 feet wide over, through and across the lands owned or claimed by the undersigned, to wit: The South West Quarter of Section thirty-three (33) Township twelve (12) North, Range three (3) West of the Indian Meridian in said County and Territory, said strip of land to extend 50 feet on each side of the center of the Railroad or track of said railroad as now located and constructed.

"To have and to hold the same by the said Choctaw, Oklahoma & Gulf Railroad Company, together with all and singular the rights, privileges and appurtenances thereunto belonging and all the rights and privileges which said company is authorized to have, hold and exercise under and by virtue of the Act of Congress granting the Choctaw Coal and Railway Company a right of way through the Indian Territory, approved February 18th, 1888, and subsequent Acts of Congress amending and extending said Act together with all the rights and privileges granted unto said Choctaw, Oklahoma & Gulf Railroad Company by an Act of Congress approved August 24th, 1894, and the Act of Congress approved April 24th, 1896, and unto its successors, and assigns forever.

"And in further consideration of the premises we do hereby acknowledge the receipt in full of all compensation and satisfaction for property taken and damage done by reason of the construction of said railroad including the land taken or damaged by reason of the cuts or fills made in the construction of said railroad and said "Wye."

"Witness our hands this 24th day of March, A. D. 1898.

"(Signed) R. W. Higgins, Susan A. Higgins."

Some argument is advanced that a railway company could not acquire the fee-simple title to lands in that particular territory at the time the above deed was executed. In view of section 1022, Stat. of Oklahoma 1903 (sec. 11913, O. S. 1931), we find no merit in the argument. Subdivision 3 of the section provides as follows:

"To acquire under the provisions of this article, or by purchase, all such real estate and other property either within or without this state, as may be necessary for the construction, maintenance and operation of its railroad, and the station, depot grounds, and other accommodations reasonably necessary to accomplish the objects of its incorporation; to hold and use the same, to lease or otherwise dispose of any part or parcel thereof, or sell the same when not required for railroad uses, and no longer necessary to its use."

When the deed was executed, Higgins owned the fee-simple title to the tract therein described. This was settled by the decision in 297 U. S. 481, supra. We are to determine the quantity of estate the deed conveyed. If it contains an element of uncertainty as to the intention of the parties, that intention may, by parol evidence, be ascertained from the admissions of the parties or other extraneous circumstances; the intention of the grantor will be gathered from the whole instrument, if possible, without undue emphasis upon any one part thereof to the exclusion of another. Rogers v. Kinney, 122 Okla. 73, 250 P. 890.

But when the deed was executed, section 30, ch. 8, S. L. 1897 (sec. 9698, O. S. 1931), was in force. That section provides that "every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee-simple and of inheritance, unless limited by express words." And a quitclaim deed made in substantial compliance with the chapter on conveyances conveys all the right, title, and interest of the maker thereof in and to the premises therein described. Section 17, ch. 8, S. L. 1897 (sec. 9679, O. S. 1931). Under section 42, ch. 8, S.

L. 1897 (sec. 9680, O. S. 1931), the granting clause of a quitclaim deed may contain the words "do hereby quitclaim, grant, bargain, sell and convey," but a substantial compliance with that section is sufficient; the section is directory and not mandatory. Mosier v. Momsen, 13 Okla. 41, 74 P. 905. Words of a similar import, showing an intention to convey a present interest, are sufficient. Id.

In Walker v. Renegar, 178 Okla. 82, 61 P. 2d 666, the words "set over and assign" were held sufficient to convey title. In the instant case the operative words used were "grant, bargain, quitclaim and relinquish and convey." The words "grant" and "convey" here used, if not of greater operative force, are at least equal to the words "set over and assign." "Grant" and "convey" are words often used interchangeably, and either is sufficient as an operative word in a deed to pass title to a present estate. See 18 C. J. 178, sec. 60; 28 C. J. 821, sec. 6. Therefore, the granting clause in the deed in the instant case was sufficient to pass title to the estate in the land therein described. Whether that estate was limited or in fee depends upon the express provisions contained in the deed (sec. 9698, O. S. 1931, supra), unless, as we have heretofore said, the deed contains an element of uncertainty as to the real intent of the grantor. In determining the extent or quantity of the estate conveyed, we are not confined to the habendum clause of the deed, but may consider every part of the instrument, and if any portion thereof discloses an intent of the grantor to curtail, limit, or qualify the estate conveyed, the effect thereof will be accorded such portion. Breidenthal v. Grooms, 161 Okla. 74, 17 P. 2d 688.

The deed granted to the second party the lands therein described "for a right of way for its railroad, telegraph and telephone lines, and for railroads or station purposes." Defendant says that a right-of-way grant conveys a limited estate with reverter always to the grantor or his heirs. This argument, as applied to a railway company, is refuted

by the decision in Oklahoma Ry. Co. v. Severns Paving Co., 67 Okla. 206, 170 P. 216; Marland v. Gillespie, 168 Okla. 376; 33 P. 2d 207. In the former case this court held that by reason of section 1382, R. L. 1910 (same as section 1022, Stat. 1903, now section 11913, O. S. 1931, supra), which confers on railway corporations power to take a fee title to land purchased for right-of-way purposes, a voluntary grant or donation of land to a railway company vests it with an estate in fee, although the dedication was for railway purposes only. In the Marland Case, above, we held that a deed to a railway company for right-of-way purposes, not otherwise limited, conveyed a fee-simple title.

Defendant says, further, that the habendum clause of the deed limits the quantity of the estate or, at least, renders the same uncertain as to the intent of the grantor in this respect, and, if uncertain, opens the instrument to a consideration of extraneous circumstances, as shown by the evidence, in order to determine such intent.

By reference to the habendum clause as above set out, it may be seen that it contains no words of limitation as to the estate conveyed. The grantee is to have and to hold the premises, together with all and singular the rights, privileges, and appurtenances thereunto belonging. Then follows, not a limitation upon the estate nor an exception thereto, but a mere recognition of an additional privilege theretofore enjoyed, and to be enjoyed, by the grantee free from any claims of the grantor. This additional privilege is in no way ambiguous and in no way refers to the particular grant embodied in the deed. The right-of-way grant is not given pursuant to the acts of Congress mentioned in said clause, nor does it show to have been given in recognition of any presumed rights accruing to the grantee by reason thereof. It is an absolute grant of specific real property coupled with an acknowledgment of satisfaction for previous user of that property and of adjoining premises

damaged through construction work done pursuant to certain rights erroneously presumed by the parties, apparently, to have been conferred upon the grantee by the designated acts of Congress. The grantor may have thought he owned a lesser estate than that conveyed, but the plain purport of the deed was to convey all his interest, whatever that should be, and that happened to be an absolute estate in fee simple. The addition to the habendum clause of certain words in mere recognition and satisfaction of presumed legal rights which may, or may not, exist does not constitute a limitation, in express words, of the estate conveyed, unless clearly intended to so operate. Although said additional words may in themselves be uncertain as to the rights and privileges thereby recognized, satisfied, or relinquished, unless they purport to limit the particular estate granted, they are insufficient to constitute that element of uncertainty which will warrant a consideration of extraneous circumstances in arriving at the intent of the grantor with reference to the quantity of the estate conveyed.

Higgins conveyed all his own rights, and in addition thereto recognized and relinquished any rights in the land that may have accrued to the grantee by virtue of the aforesaid acts of Congress. That the presumed rights may have been nonexistent neither alters the deed to the right of way nor renders the grant ambiguous as to the quantity of the estate conveyed. Where a deed shows upon its face that it was the intention of the grantor to convey an absolute estate in fee simple, parol evidence of extraneous circumstances is inadmissible to show a contrary intent (see Walker v. Renegar, supra), and unless limited by express words, is deemed to be an estate in fee simple. Section 9698, supra.

We hold, therefore, that the deed in question conveyed an estate in fee simple and no right of reverter to the heirs of the grantor existed.

Plaintiffs insist that by reason of certain apparent inconsistent defenses

pleaded in defendant's answer which in effect, they say, now recognizes plaintiffs' title, the cause should be remanded immediately with instructions to enter judgment for plaintiffs. We do not so interpret defendant's answer. Inconsistent defenses are permitted under the statute.

In view of the foregoing, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur. PHELPS and HURST, JJ., dissent.

---

OSBORN, C. J. (concurring). I have given careful study to the original briefs and to the petition for rehearing and response thereto in the above cause. While I have heretofore been of the opinion that the deed involved herein conveyed only a limited right, I am convinced that the rights conveyed thereby were not intended to be limited by the recitals contained in said deed. By statute it is provided that "every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee-simple and of inheritance unless limited by express words." (Section 9698, O. S. 1931.)

The language, as disclosed by the majority opinion, contained in said deed does not purport to limit or qualify the estate granted by apt words. I therefore concur in the majority opinion.