MIDLAND VALLEY RAILROAD COM-
PANY, a Corporation, Plaintiff in Error,

v.

ARROW INDUSTRIAL MANUFACTURING
COMPANY, a Corporation, and St. Louis-
San Francisco Railway Company, a Cor-
poration, Defendants in Error.

No. 37018.

Supreme Court of Oklahoma.

March 20, 1956.

Rehearing Denied May 15, 1956.

James D. Gibson, Muskogee, Harry L.
Dyer and William K. Powers, Tulsa, for
plaintiff in error.

Milsten, Milsten & Morehead, Steele,
Daugherty & Downey, Tulsa, for defend-
ants in error.

PER CURIAM.

The parties will be referred to as they
appeared in the trial court, Midland Valley
Railway Company, a corporation, plaintiff,
and Arrow Industrial Manufacturing Com-
pany, a corporation and St. Louis-San
Francisco Railway Company, a corpora-
tion, defendants. The only question pre-

sented in this appeal is: Did the following described instrument convey a fee simple title or merely an easement?

"Right of Way Deed

Know all Men by these Presents: That for and in consideration of the sum of one dollar, in hand paid, the receipt of which is hereby acknowledged, and the benefits to accrue to the undersigned by reason of the construction and operation of the railroad, of the grantee herein, the Constantin Refining Company, a corporation, hereby conveys and warrants to the Midland-Valley Railroad Company a strip of land for a right of way over and across the following described tract of land, situated in Tulsa County, State of Oklahoma, as follows, to-wit:"

(Here is described a particular 30 foot strip of land).

The deed is not in statutory form and contains no habendum clause.

The defendant, Arrow Industrial Manufacturing Company, is now the owner of the property from which this strip of land was conveyed by the parties' common grantor in the chain of title, and, if the instrument conveyed only an easement, they are the owners of the reversion upon an abandonment of the easement. After the issue was made by the pleadings, upon pre-trial conference the trial court construed the instrument to be an easement and thereafter rendered judgment for the defendants.

█ It is now axiomatic that the intent of the parties to a conveyance is to be determined from the four corners of the instrument, unless it is ambiguous, and that railroad corporations may acquire and hold the fee simple title to their right of way either by private contract or condemnation. It is likewise settled that a conveyance need not be in the exact terms as those set forth in the statutes, but that a substantial compliance is sufficient if the requisite intent be adequately expressed. Walker v. Renegar, 178 Okl. 82, 61 P.2d 666.

By express statutory provision in Oklahoma, every estate in land which shall be conveyed by deed, shall be deemed an estate in fee simple and of inheritance, unless limited by express words. 16 O.S.1951 § 29. This statutory rule accounts for the apparent difference in the construction of instruments in this jurisdiction from that given in many of the cases cited as authority by the defendants. See 132 A.L.R. 142 for an annotation covering the subject. Quite early, this court adopted a rule as promulgated by the Kansas Court, but in Marland v. Gillespie, 168 Okl. 376, 33 P.2d 207, 212, this rule was re-examined in the light of our statute and therein overruled. It was there stated that:

"* * * in so far as the language of that case attempts to lay down a general rule that the estate voluntarily conveyed to a railroad company is limited by the use for which the land is acquired, the same is erroneous * * *."

█ Thereafter in Higgins v. Oklahoma City, 191 Okl. 16, 127 P.2d 845, 847, an instrument denominated a "'Right of Way Deed'" and whose operative words were "'grant, bargain, quitclaim and relinquish and convey to * * * the following described lands for a right of way for its railroad, * * * viz.: A strip of land 100 feet wide over, through and across the lands owned * * *'", was construed to convey an estate in fee simple to the grantee therein. The language in the instrument now under consideration is quite similar to that used in the Higgins' deed, and we are of the opinion that the decision there is controlling here. It has been pointed out that where the instrument purports to convey a described strip of land rather than a right of way over a strip of land the conveyance is considered a fee estate instead of an easement. Aubert v. St. Louis-San Francisco Ry. Co., 207 Okl. 537, 251 P.2d 190. Here, stripped of verbiage and analyzed, the deed by express terms attempts to convey to the plaintiff a strip of land some thirty feet in width. The direct object of the verb "convey" is "a strip of land." In view of the author-

ıtics heretofore cited, the additional. language, acknowledging the use to which the land is to be placed, is insufficient to limit the estate granted.

The judgment is reversed with directions to proceed in conformity with the views herein expressed.

The Court acknowledged the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Reed and Crawford, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.