All the Justices concur.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a corporation, Plaintiff in Error,**

v.

**J. C. HUMPHREY, Nita A. Humphrey, J. A. Humphrey and Bill N. Humphrey, Defendants in Error.**

No. 41691.

Supreme Court of Oklahoma.

Oct. 15, 1968.

E. D. Grinnell, Jr., St. Louis, Mo., Franklin, Harmon & Satterfield, Oklahoma City, for plaintiff in error.

McKnight, Gasaway & McKnight, Enid, for defendants in error.

LAVENDER, Justice.

Although the title to the minerals in and under a strip of land, and the effectiveness of a certain oil and gas lease covering that strip of land, are directly involved in this appeal the question presented for determination is whether an estate in fee simple (which, of course, would embrace the minerals, including the oil, gas and other minerals that are covered by the oil and gas lease in question), or only a "right-of-way," was conveyed by an instrument, denominated a "Deed," executed on July 8, 1901, the pertinent portion of which reads as follows:

"Know all men by these presents: That George T. Bedwell, and Mary E. Bedwell, his wife, for and in consideration of Three Hundred Dollars in hand paid, do hereby bargain, sell and convey to The Blackwell, Enid & Southwestern Railway Company its successors and assigns, for the right-of-way of said Blackwell, Enid & Southwestern Railway Company, the following real property situated in Garfield County, Territory of Oklahoma, to wit:

"A strip of land one hundred feet wide through, over and across the South East Quarter of section Thirty-four (34) Township Twenty-three (23) North, Range Six (6) West of the Indian Meridian upon such route through such quarter section as is now located by said Railway Company,

"To have and hold the same, together with all and singular the tenements and appurtenances thereunto belonging, or in any wise appertaining, forever; and we do hereby warrant the title to said land to said The Blackwell, Enid & Southwestern Railway Company, its successors and assigns, against our own acts."

It is stipulated by the parties that, at the time of the execution of this deed, the entire quarter-section of land mentioned therein was owned by one or both of the grantors; and that the plaintiff in error herein (hereinafter called the "Frisco") succeeded to all of the rights of the grantee under the deed, and the defendants in error (hereinafter called the "plaintiffs") succeeded to all of the rights of the grantors with respect to the entire quarter-section of land mentioned in the deed. The plaintiffs concede the right of that grantee, and of the Frisco, under that deed, to use the surface of a particular 100-foot-wide strip across this quarter-section of

land, shown on a plat attached to their petition, for railroad "right-of-way" purposes, and, in their brief, concede that the railroad's route across this quarter-section of land had been so located at the time of the execution of this deed by the Bedwells. We shall treat the deed as describing that strip of land, although it is not specifically described therein.

Under date of October 16, 1962, the Frisco leased such strip of land to the defendant Pellow Oil Company for the purpose of producing oil, gas and casinghead gas therefrom by drilling wells on lands adjacent thereto and pooled therewith as provided for in the lease. It is stipulated that prior to that date neither the Frisco nor any of its predecessors in interest had ever leased the strip for oil and/or gas purposes, and there had been no actual oil or gas development within a radius of four or five miles of the quarter-section involved.

By cross-petition, the Frisco prayed that it be decreed to have a fee simple title in and to the strip of land in question and that its title thereto be quieted as against the plaintiffs.

The cause was tried to the court without the intervention of a jury. Only one witness—one of the plaintiffs—testified at the trial, and over objection by the Frisco, he was allowed to testify concerning his attitude as to the rights of the railroad and concerning some things that he had done, with respect to the railroad "right-of-way," since the plaintiffs acquired their rights in the quarter-section of land in April of 1950. On cross-examination, he testified that he knew nothing about the deed transaction between the Bedwells and the grantee in their deed of July 8, 1901, and did not know anybody who did; that the quarter-section involved is a full 160-acre quarter-section; that the 100-foot-wide strip of land in question herein, across that quarter-section, contains approximately six acres; and that, according to the records in the county assessor's office,

the plaintiffs have been paying taxes on a total of 154 acres.

The trial court made separate, written findings of fact and conclusions of law, as requested by the Frisco prior to the trial, and rendered judgment, which were, in general, in accordance with the allegations and prayer of the plaintiffs' petition, and, based thereon, rendered judgment in conformity, generally, with the plaintiffs' prayer for relief.

Insofar as pertinent herein, the trial court, in its findings of fact, found that there was nothing to indicate that in 1901 or at any time since, the acquisition and holding of the minerals under the strip in question was necessary for the transaction and operation of a railroad business; that in 1901 the only possible purpose for the railroad company to acquire the strip in question was for surface trackage over the quarter-section of land involved; that it was the intention of the parties to the deed in question to grant, and by its terms, the deed granted, only the right to use the surface for trackage and not a fee simple title or the minerals under the surface; and concluded, as a matter of law, that the deed in question, by its granting clause, granted only a surface easement for trackage, and shows on its face that it was the intent of the parties to limit the estate conveyed to less than an estate in fee simple; that, therefore, the provisions of the statute that now appears as 16 O.S.1961, § 29 are not applicable to this deed; that the Frisco acquired no right, title or interest in or to the minerals in and under the strip of land in question, and that, therefore, the oil and gas lease executed by the Frisco under date of October 16, 1962, was wholly ineffective.

On appeal, the Frisco presents all of its assignments of error under the single proposition that the trial court erred in holding that the grantee in the Bedwell deed of July 8, 1901, did not, by such deed, acquire an estate in fee simple and of inheritance in the strip of land in question.

Frisco argues that the deed involved herein did not convey a right-of-way only, but conveyed an estate in the strip of land involved, and, under the provisions of Section 30 of Chapter 8, Session Laws 1897 (which was in effect in the Territory of Oklahoma at the time of the execution of the Bedwell deed in 1901 and, without change, now appears as 16 O.S.1961, § 29), the estate conveyed was an estate in fee simple and of inheritance.

The plaintiffs deny that contention and contend that, if the Bedwell deed purported to convey more than a surface right-of-way for trackage, it was, to that extent, ineffective, because "The laws of Oklahoma permit the railway company to take fee simple title only if that quality of estate is necessary to the conduct of its business," and, in 1901, at the time of the execution of this deed, all that the grantee railway company needed was a surface right-of-way for its trackage, and certainly did not need to own the oil, gas and mineral rights under its trackage across farm lands. In this connection, they call attention to the following provision of Section 2 of Article 22 of the Constitution of the State of Oklahoma:

"* * * nor shall any corporation doing business in this State buy, acquire, trade, or deal in real estate for any purpose except such as may be located in such [incorporated] towns and cities and as additions to such towns and cities, and further except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed; * * *"

and to the last proviso to that section of our Constitution;

"* * * And Provided, Further, That no public service corporation shall hold any land, or the title thereof, in any way whatever in this State, except as the same shall be necessary for the transaction and operation of its business as such public service corporation."

They also call attention to one of the provisions of 66 O.S.1961, § 7 (which,

incidentally, is Section 1010 of the 1893 Statutes of the Territory of Oklahoma, as carried forward into the Statutes of the State of Oklahoma and, in 1910, revised to refer to the State instead of the Territory of Oklahoma, and appeared as Section 11913 O.S.1931, mentioned in some cases) that real estate received by a railroad corporation by voluntary grant shall be held and used for the purposes of such grant only. They argue that the conveyance in question was for railroad right-of-way purposes only.

Insofar as Section 2 of Article 22 of the Constitution is involved, the plaintiffs' argument is refuted in Oklahoma City v. Dobbins et al. (1935), 172 Okl. 194, 44 P.2d 148. Also, see Marland v. Gillespie (1934), 168 Okl. 376, 33 P.2d 207, wherein this court held that Section 2 of Article 22 of the Constitution limits the *amount* of land that may be acquired and held by a railroad corporation, but that neither that section, nor Section 24 of Article 2, of the Constitution (which provides, in part, that "The fee of land taken by common carriers for right of way, without the consent of the owner, shall remain in such owner subject only to the use for which it is taken"), nor any of the territorial statutes mentioned in the opinion, including the territorial equivalent of 66 O.S. 1961, § 7, limited the quality or nature of the estate that might be acquired and held by a railroad corporation by voluntary conveyance. And, see Higgins et al. v. Oklahoma City (1937), 191 Okl. 16, 127 P.2d 845.

■ We conclude that, like Section 2 of Article 22 of the Constitution of the State of Oklahoma, the statutes of the Territory of Oklahoma which were in effect in 1901, limited the *amount* of land in that territory which might be acquired and held by a railroad corporation by voluntary conveyance to the land reasonably necessary to accomplish the objects of its incorporation, but did not limit the *nature or quality of the estate* that might be acquired, by voluntary conveyance, by a railroad corporation.

Concerning the nature of the estate conveyed by the Bedwell deed, Frisco argues that, by its terms, the deed conveyed a strip of land, not a mere right-of-way over the strip of land; that the statement in the deed that the strip of land is conveyed to the grantee railroad company "for the right-of-way of said Blackwell, Enid & Southwestern Railway Company" does not limit the estate conveyed; and that, therefore, under Section 30, Chapter 8, Session Laws of 1897 (which was in effect in the Territory of Oklahoma at the time of the execution of such deed, and, without change now appears as 16 O.S. 1961, § 29), the estate so conveyed was an estate in fee simple. That statute provided (and provides) that:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

 We agree with the Frisco's preliminary argument and answer to some contentions made by the plaintiffs, to the effect that it is axiomatic that, in construing any written instrument in the nature of a contract, the basic objective is to determine the intent of the parties to the instrument; that, if the language of an instrument is ambiguous, evidence extraneous to the instrument is admissible to show the intent of the parties to the instrument, but, in the absence of ambiguity, such evidence is not admissible and the intent of the parties to the instrument must be determined from the four corners of the instrument (Higgins et al. v. Oklahoma City, supra); Midland Valley Railroad Company v. Arrow Industrial Manufacturing Company et al. (1956), Okl., 297 P.2d 410), and the one asserting a limitation upon an estate conveyed has the burden of proving such limitation (Marland v. Gillespie, supra); that, even if the language of the deed involved in the present case be ambiguous, the only witness who testified in the present case was not a party to the deed transaction in question and knew nothing about the transaction, and neither his testimony nor any of the deeds or oil and gas leases introduced by the plaintiffs (none of which was executed by the grantors in the deed in question herein) showed, or even tended to show, the intent of the parties to the deed in question, and, therefore in this instance, the intent of the parties to the deed must be determined from the four corners of the instrument.

Marland v. Gillespie, supra, involved a deed to a railroad corporation, executed in 1898, affecting a strip of land in the Territory of Oklahoma, the pertinent provisions of which were essentially the same as those of the deed involved in the present case. This court, noting that the defendant therein, who claimed that the deed conveyed only a right-of-way or easement and, therefore, had the burden of proving the limitation claimed by her, made no effort to prove by evidence extraneous to the deed that the parties to the deed intended to limit the estate conveyed as contended by her, held that the deed, by its terms, conveyed the strip of land described therein; that the statement in the deed that "The same being for a right-of-way for a railroad track" did not limit the estate so conveyed; and that, under the provisions of the territorial statute that now appears as 16 O.S.1961, § 29, quoted above, the estate conveyed by the deed was an estate in fee simple.

Higgins et al. v. Oklahoma City, supra, was to the same effect. In that case, this court said:

" * * * Where a deed shows upon its face that it was the intention of the grantor to convey an absolute estate in fee simple, parol evidence of extraneous circumstances is inadmissible to show a contrary intent (See Walker v. Renegar, supra) [178 Okl. 82, 61 P.2d 666], and unless limited by express words, is deemed to be an estate in fee simple. Section 9698, supra [now 16 O.S.1961, § 29]."

Midland Valley Railroad Company v. Arrow Industrial Manufacturing Company et

al., supra, involved a deed (the date of which is not disclosed) that was not in statutory form and did not contain an habendum clause, which stated that the grantor "hereby conveys and warrants" to the grantee railroad corporation "a strip of land for a right of way over and across the following described tract of land [describing a 30-foot strip of land]." The opinion does not indicate that there was any extraneous evidence of the intent of the parties to the deed. In determining that the deed conveyed an estate in fee simple, this court applied a grammatical test: What is the direct object of the verb or verbs of conveyance? After mentioning the provisions of 16 O.S.1951, § 29 and discussing Marland v. Gillespie, supra, and Higgins et al. v. Oklahoma City, supra, this court said in the Midland Valley case:

" * * * It has been pointed out that where the instrument purports to convey a described strip of land rather than a right of way over a strip of land the conveyance is considered a fee estate instead of an easement. Aubert v. St. Louis-San Francisco Ry. Co., 207 Okl. 537, 251 P.2d 190. Here, stripped of verbiage and analyzed, the deed by express terms attempts to convey to the plaintiff a strip of land some thirty feet in width. *The direct object of the verb 'convey' is 'a strip of land.'* In view of the authorities heretofore cited, the additional language, acknowledging the use to which the land is to be placed, is insufficient to limit the estate granted." (Emphasis supplied)

In Aubert et al. v. St. Louis-San Francisco Ry. Co. et al. (mentioned in the above quotation from the Midland Valley case, and cited by the plaintiffs herein), the deed stated that the grantors "grant and convey" to the grantee railroad corporation "the right of way for a railroad, telegraph and telephone line" over, through and across the land described therein. Applying the above-mentioned grammatical test to the language used in that deed, this court's holding in that case, that the deed

clearly conveyed an easement only, so that the provisions of 16 O.S.1951, § 29 would have no application, is correct and is entirely consistent with its holdings in the Midland Valley, Marland, and Higgins cases, supra.

■ Applying the same grammatical test to the pertinent language used in the deed involved in the present case, the direct object of the verbs of conveyance ("bargain, sell and convey") is not "the right-of-way of said Blackwell, Enid & Southwestern Railway Company," but is "A strip of land one hundred feet wide" which is sufficiently identified, and the deed, by its terms, conveys a strip of land for the right-of-way of the grantee railway company. Under the Marland, Higgins, and Midland Valley cases, supra, the words "for the right-of-way" of the grantee railway company, as used in such a deed, would not limit the estate conveyed, and, under the statute that now appears as 16 O.S.1961, § 29, the estate so conveyed would be an estate in fee simple and of inheritance. Viewed in that light, the grantee's use of the land conveyed by the deed would not be limited in any way, and the provision of the statute that now appears as 66 O.S.1961, § 7, relied upon by the plaintiffs, would have no application.

The plaintiffs cite one Oklahoma case in which application of the grammatical test set forth in the Midland Valley case would have resulted in a conclusion opposite to that reached by this court. That case— Kansas, Oklahoma & Gulf Ry. Co. v. Doneghy (1952), 207 Okl. 346, 249 P.2d 719— was an action to quiet title to the oil and gas mineral rights in a strip of land, 100 feet in width, across a 40-acre tract owned by the plaintiff, as against the grantee— railway company, which claimed under a deed to it from the plaintiff, executed in 1912, the provisions of which were, essentially, the same as the provisions of the deed involved in the present case. This court held that the trial court's finding and judgment in favor of the plaintiff and against the defendant railway company

were not clearly against the weight of the evidence, and, under the general rule concerning review of judgments in cases of equitable cognizance, affirmed that judgment. However, in that case, the plaintiff was allowed to testify, over the objection of the defendant railway company, that (among other things) he was the owner, in fee, of the 40-acre tract involved therein, at the time of the deed in question, and executed the deed; that, prior to the execution of the deed, he had drilled six wells on the 40-acre tract and all of them were producing at the time of the execution of the deed; that it was not his intention to convey any interest in the oil and gas mineral rights. In addition to that testimony, two stipulations were entered into, one that the defendant company had never attempted to collect any rentals or to enforce any mineral rights, and the other, that the operators of the oil and gas interests had never paid to the defendant company any rentals or funds due from the operation of the oil and gas properties. The decision in that case was based upon the extraneous evidence as to the intent of the parties to the instrument involved. As mentioned above, there was no such evidence in the present case, and the intent of the parties to the instrument must be determined from the instrument itself. That case is not in point herein.

The plaintiffs suggest that, unlike Kansas, Oklahoma & Gulf Ry. Co. v. Doneghy, supra, the cases cited by the Frisco—Marland v. Gillespie, Higgins et al. v. Oklahoma City, and Midland Valley Railroad Company v. Arrow Industrial Manufacturing Company et al.—did not involve the oil, gas and mineral rights, but involved reverter upon termination of the use of the land for railroad right-of-way and, therefore, are not in point. However, in all four of those cases, the end result depended upon whether the deed involved conveyed an estate in fee simple or only a surface right-of-way or easement. The Marland, Higgins, and Midland Valley cases are in point on that question.

We hold that the deed involved herein was intended to, and did convey to the grantee railroad corporation an estate in fee simple and of inheritance in and to the strip of land in question herein.

The judgment of the trial court, in favor of the plaintiffs and against the St. Louis-San Francisco Railway Company, a corporation, is reversed and the cause is remanded to the trial court with directions to enter judgment in favor of said railroad corporation and against the plaintiffs, as prayed for by said railroad corporation.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, and BERRY, JJ., concur.

HODGES and McINERNEY, JJ., dissent.